**UNITED STATES of America, Plaintiff,**

v.

**Benjamin F. RAYBORN, Defendant.**

**Civ. A. No. 3262.**

United States District Court
W. D. Kentucky, Louisville Division.

March 20, 1957.

J. Leonard Walker, U. S. Atty., Louisville, Ky., for plaintiff.

Benjamin F. Rayborn, pro se.

SHELBOURNE, Chief Judge.

This action was instituted in this Court November 13, 1956 by the defendant, Benjamin F. Rayborn, under the provisions of Section 2255 of Title 28 United States Code. This is the second proceeding instituted by the movant since his conviction in this Court by the verdict of a jury returned March 18, 1947, on his trial to a jury on Counts Three through Sixteen of Indictment No. 22348 returned by the Grand Jury October 18, 1946. The movant was found guilty on each of said counts and received a sentence of confinement in the penitentiary for an aggregate of thirty (30) years.

March 1, 1954, movant Rayborn instituted the first proceeding under Section 2255 of Title 28, United States Code, which resulted in an order, dated April 21, 1955, overruling his motion. Ray-

born prosecuted an appeal to the United States Court of Appeals for the Sixth Circuit which resulted in the reversal of this Court's order and a modification of the judgment in accordance with the directions in the opinion of the Court of Appeals. See Rayborn v. United States, 6 Cir., 234 F.2d 368. The modification of the original judgment reduced the aggregate sentence of thirty (30) years to one of twenty (20) years.

November 13, 1956, Rayborn instituted the present proceeding in which he attacks his conviction as being unlawful and illegal because of an alleged violation of the Constitution of the United States. He alleges that he was deprived of his right to have assistance of counsel as guaranteed by the Sixth Amendment; that he was not informed of the nature and cause of the accusation against him as required by the Sixth Amendment, and that he was deprived of his liberty without due process of law in violation of the Fifth Amendment.

The United States, in the first numbered paragraph of its response, moves to dismiss the motion for the reason that it does not state facts sufficient to constitute grounds for vacation of the sentence.

Rayborn alleges in his motion that by reason of his attempt to escape from the Kentucky State Penitentiary at Eddyville, Kentucky, on January 12, 1947, he was placed in solitary confinement and was unable to write or consult with his attorney from the date of his arraignment until March 17, 1947, the day his trial was begun in this Court. He alleges that his failure to inform the Court of his inability to consult with his attorney or to seek a continuance is in no wise due to any lack of ability on the part of his attorney, but resulted from Rayborn's ignorance of his right to consult with his attorney and his failure to advise his attorney on March 17, 1947 that his mail had been withheld from him the entire period between January 13, 1947 and March 17, 1947.

He summarizes the substance of his present motion as presenting the question whether he was denied the opportunity for conference and consultation and thereby suffered a violation of his constitutional rights. He says that when he was arraigned on January 13, 1947, a copy of the indictment was given to his attorney but that he, personally, had no opportunity to read the indictment and learn the contents thereof until he was subsequently furnished a copy in 1949 or 1950, and that he was unaware of the nature of the accusation against him at the time of his trial.

The record in this Court discloses that, on January 13, 1947, the defendant was arraigned, being represented by his counsel, Robert Zollinger, and that "defendant acknowledged his identity and was advised of the charges against him as contained in the indictment and acknowledged receipt of a copy of the indictment." The order continues, "Having waived formal arraignment, defendant in person and by his counsel entered a plea of not guilty as to each and all of the sixteen counts of the indictment." His case was assigned for trial March 17, 1947.

The trial order in Rayborn's case shows that he was represented by Mr. Zollinger and Foster Stone, and that on the call of the case "both sides announced ready for trial." The defendant did not testify and introduced no witnesses in his behalf.

It is significant that, when the defendant filed his first motion under Section 2255 of Title 28 in March of 1954, there was no mention made of his lack of knowledge of the contents of the indictment or the nature of the charges contained therein. There was no complaint that he did not receive adequate representation by competent counsel of his own choice, employed by him, and whose conduct of the trial, as appears in the transcript of the proceedings at the trial, was such as to indicate entire familiarity with the case and proficiency in its handling. No reason is offered why the grounds of the present motion were not included in his previous motion.

While Section 2255 provides that the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner, the Court is of the opinion that the unsupported allegations of Rayborn at this late date should not be permitted to contradict the plain, unambiguous orders of the Court which affirmatively show that every precaution and safeguard to which the defendant was entitled were given and provided at his arraignment, at his trial, and at the time of the imposition of sentence.

The motion is denied as not containing a statement of facts upon which the relief sought under Section 2255 of Title 28, could be granted. An order to that effect is this day entered.