Benjamin F. RAYBORN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13276.

United States Court of Appeals
Sixth Circuit.

Feb. 6, 1958.

Benjamin F. Rayborn, in pro. per.

Robert L. Myre, Jr., Louisville, Ky., (J. Leonard Walker, U. S. Atty., Robert L. Myre, Jr., Asst. U. S. Atty, Louisville, Ky., on the brief), for appellee.

Before SIMONS, Chief Judge, BOYD, and LEVIN, District Judges.

PER CURIAM.

Following conviction in 1947, by a jury in the District Court of the Western District of Kentucky for infractions of the federal statutes, appellant was committed to Alcatraz where he is presently serving a twenty year sentence. He initiated this proceeding in the aforesaid district court under provisions of Section 2255, Title 28, United States Code, to vacate a portion of his sentence because of alleged infringement of his rights under the Fifth and Sixth Amendments to the Constitution of the United States. Specifically, he charges deprivations of his right to consult with counsel prior to trial, to effective assistance of counsel, his right to be informed of the nature of the accusations and deprivation of his liberty without due process.

The District Judge, without ordering his presence at the hearing, denied appellant's motion to vacate on the grounds that same did not contain a statement of facts upon which the relief sought could be granted. He held 'the appellant's unsupported allegations would not be permitted to contradict the plain, unambiguous orders of the district court which affirmatively show every safeguard to which the appellant was entitled had been accorded him at the arraignment,

trial and at the time of imposition of sentence. United States v. Rayborn, D. C., 149 F.Supp. 821. We are of the opinion the district judge was correct in so ruling.

It should be stated that appellant in a prior proceeding under section 2255 was successful in having his sentence corrected and reduced from thirty years to twenty years. He made no mention in that proceeding concerning the matters of which he complains at this time. Rayborn v. United States of America, 6 Cir., 234 F.2d 368.

There is no controversy in this case with respect to the contents of the trial court's files and records. They adequately reflect appellant was at all times material effectively represented by counsel of his own choice, was fully advised of the charges in the indictment and he at this late date, has not in our opinion overcome the heavy burden of regularity of his convictions by the mere conclusions set out in his motion. United States v. Edwards, D.C.D.C., 152 F. Supp. 179; Johnson v. United States of America, 6 Cir., 239 F.2d 698, certiorari denied 354 U.S. 940, 77 S.Ct. 1404, 1 L.Ed.2d 1539.

Appellant's constitutional rights have not been infringed nor does the sentence herein complained of appear to be otherwise subject to collateral attack under section 2255. The files and records of the district court conclusively show appellant is entitled to no relief. Yodock v. United States of America, D.C., 97 F.Supp. 307.

Since there were no substantial issues of fact as to the matters and events of which the appellant complains, his presence at the hearing in the court below was not required. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Austin v. United States of America, 6 Cir., 224 F.2d 273, certiorari denied 350 U.S. 865, 76 S.Ct. 108, 100 L. Ed. 766; Johnson v. United States of America, supra.

Judgment of the district court is affirmed.