James BARNES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 16, 1964.

James Barnes, pro se.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

This is an appeal from an order of the Campbell Circuit Court overruling the motion to vacate the 10-year sentence of imprisonment imposed on James Barnes following his conviction of attempted rape of an eight-year-old child.

 Appellant was convicted at the April, 1963, term of the Campbell Circuit Court. His motion to vacate, filed on December 4, 1963, sets forth seven grounds, five of which are allegations of error occurring during his trial and are therefore insufficient to warrant a hearing under RCr 11.42. Tipton v. Commonwealth, Ky., 376 S.W.2d 290. The other two grounds are: (1) Denial of the right to counsel of his own choosing, and (2) inadequacy of representation by court-appointed counsel.

The answer of the Commonwealth's Attorney stated that, prior to his trial, appellant had informed the circuit court he was indigent and had asked that counsel be appointed to represent him. Appellant then filed a reply in which he denied these statements and asserted that the court had "discharged" his employed counsel. An order of record of the circuit court shows that on March 27, 1963, appellant informed the court he was unable to employ counsel and that Charles Wagner and Richard Nelson, practicing attorneys, were appointed to defend him. The record further reveals that on April 11, 1963, appellant was arraigned, pleaded not guilty to the charge against him and informed the court he was ready for trial.

Appellant has not attacked the verity of the circuit court's order showing he represented to the court that he was unable to employ counsel. The mere allegation that the court had "discharged" his attorney is not sufficiently specific to raise an issue under RCr 11.42 in view of the above-mentioned order.

With reference to appellant's claim of inadequacy of representation at his trial he states insufficient facts to disclose wherein the court-appointed attorneys failed to perform their duty in his behalf. Consequently, we will presume no dereliction of duty on their part.

Under this state of the record the circuit court properly overruled the motion to vacate.

The judgment is affirmed.