Orville Lee **MOORE**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 22, 1965.

Orville Lee Moore, pro se.

Robert Matthews, Atty. Gen., Joseph E. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Orville Lee Moore's motion under RCr 11.42 to vacate the judgment under which he is serving a life sentence for armed rob-bery was overruled without a hearing. Moore appeals.

■ The motion alleged that (1) Moore was denied counsel throughout all of the proceedings culminating in the judgment of conviction; (2) he pleaded guilty under duress of a threat by the Commonwealth's attorney to seek the death penalty; (3) his conviction was based on circumstantial and perjured evidence; (4) improper instruc-tions were given; and (5) there was an illegal search and seizure at the time of his arrest. The last three of these allegations are of course without substance or merit, see King v. Commonwealth, Ky., 387 S.W. 2d 582, so we shall confine our discussion and consideration to the first two allega-tions, which are interrelated in that the alleged duress is predicated upon lack of counsel.

Response was filed to the motion alleging that Moore did have counsel. Attached to the response was a copy of the trial order and judgment which recited that the defend-ant was brought into court and "comes his attorney;" also that the defendant "in per-son and by counsel" pleaded guilty and waived the right to file motion for new trial.

Moore then filed a supplemental motion in which he stated that the clerk of the circuit court had advised him that the records showed that one Robert Zollinger was his attorney; but that upon inquiry Zollinger had mailed to Moore an affidavit stating that he did not represent Moore.

Moore has attached to his brief in this Court copies of (1) a letter from the circuit clerk to Moore stating that one Frank Thieman, Jr., was listed on the indictment as being Moore's attorney; (2) a letter from Thieman to Moore stating that he did not represent Moore; and (3) a letter from Robert Zollinger stating that he had represented Moore's brother but not him.

■ Of course these attached documents are not procedurally acceptable for our consideration, but we are not disposed to

be too strict in application of procedural rules to an indigent prisoner who is without counsel. In our opinion the allegations of Moore's motions in the trial court raise a genuine issue as to whether he had counsel upon his trial, and the additional documents submitted in this Court tend to confirm that there is a real issue.

We agree with the proposition set forth in Rayborn v. United States, 6 Cir., 251 F.2d 950, that mere unsupported allegations of lack of counsel will not be permitted to contradict plain, unambiguous court records. However, in the instant case Moore has some semblance of support for his allegations and the court records contain nothing other than formal recitations of representation by unnamed counsel. It is our opinion that Moore is entitled to a hearing, with counsel, on the question of whether he did in fact have counsel on his trial.

The judgment is reversed with directions for proceedings in conformity with this opinion.