**Thomas H. BROWN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 26, 1965.

Thomas H. Brown, LaGrange, pro se.

Robert Matthews, Atty. Gen., H. N. McTyeire, Asst. Atty. Gen., for appellee.

HILL, Judge.

This is an appeal from an order overruling without a hearing appellant's motion under RCr 11.42 to vacate judgment of conviction for armed robbery entered April 1949 in which he was given a life sentence.

The motion to vacate was filed February 17, 1965, stating that he was not represented by counsel.

The order of the Circuit Court, a photostatic copy of which appears in the record, shows he appeared with his counsel. There is also filed with the record a photostatic copy of the indictment with notations thereon, along with the affidavit of an assistant commonwealth's attorney who pointed out the name of "Stone" appears on the back of the indictment. This affidavit showed that it was the custom at that time for the clerk to make a written notation on the indictment of the name of the attorney appointed to represent indigent persons. The affidavit shows the notation intended to designate Foster Stone, a local attorney, as the one appointed by the court to represent the appellant.

It may be safely stated that the dignity and majesty of public records increase with age, and the longer the period of time elapsing between their date and the time validity is questioned the greater the dig-

nity, so that after the passage of a sufficient period of time such public records may become absolute and unassailable.

 In the face of such an ancient public record, yellow with age, for it has been nearly sixteen years since it was made, we hold that the bare allegation that appellant did not have counsel, without some substantial supporting circumstance, is utterly insufficient to entitle him to a hearing under RCr 11.42. In Moore v. Commonwealth, Ky., 394 S.W.2d 931, decided October 22, 1965, this Court said:

> "We agree with the proposition set forth in Rayborn v. United States, 6 Cir., 251 F.2d 950, that mere unsupported allegations of lack of counsel will not be permitted to contradict plain, unambiguous court records."

Appellant had a right during this sixteen-year period to raise the present question by habeas corpus. He did not do this. Although we do not at the present time apply the usual rules of laches and delay in cases of this character, it is an interesting circumstance to keep in mind in determining the sufficiency of an attack on aged public records.

The motion to vacate is insufficient and the judgment is affirmed.