Jackie Lee BROWN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 17, 1965.

Jackie Lee Brown, pro se.

Robert Matthews, Charles Runyan, Frankfort, for appellee.

HILL, Judge.

Jackie Lee Brown is appealing pro se and in forma pauperis from a judgment overruling his motion to vacate a 1963 judgment convicting him of storehouse breaking under KRS 433.190. He was given a five-year sentence and served part of it before being paroled. He later got into some difficulty and his parole was revoked. A hearing was held on his motion at which appellant was not present but was represented by two court-appointed attorneys.

The motion to vacate is legally insufficient. It refers to constitutional rights, bill of rights, and due process of law, but it is indefinite. We shall consider that it was appellant's intention to allege that the evidence was insufficient to convict, improper evidence was admitted, he was inadequately represented by counsel, and prejudicial remarks were made by the Commonwealth's attorney.

At his trial in 1963, appellant was represented by court-appointed counsel Gordon Iler. In his motion to vacate, the court again appointed Mr. Iler along with Robert M. Short to assist him.

There was no appeal prosecuted from the original judgment of conviction. We have held that the introduction of inadmissible evidence and insufficiency of the evidence to convict do not constitute sufficient grounds to justify relief under RCr 11.42. Maye v. Commonwealth, Ky., 386 S.W.2d 731 (1965) and King v. Commonwealth, Ky., 387 S.W.2d 582 (1965).

Neither is the bare allegation that he had "inadequate" counsel sufficient to entitle appellant to relief. Cf. Brown v. Commonwealth, Ky., 396 S.W.2d 773, decided November 26, 1965, and Moore v.

Commonwealth, Ky., 394 S.W.2d 931, decided October 22, 1965.

There remains the insufficient charge that the Commonwealth's attorney was guilty of misconduct prejudicial to appellant. The charge is nothing more than a conclusion. He does not allege in what manner the Commonwealth's attorney misbehaved.

The judgment is affirmed.