**Robert A. CHICK, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 1, 1966.

Claude Asbury, Catlettsburg, for appellant.

Robert Matthews, Atty. Gen., Frankfort, W. B. Arthur, Commonwealth's Atty., Ashland, for appellee.

DAVIS, Commissioner.

Robert A. Chick, appellant, is in custody in Boyd County, pending the imposition of sentences upon him relating to his convictions in the Boyd Circuit Court which occurred in 1943. He is also being held awaiting trial upon two indictments for offenses alleged to have been committed in 1943, namely, his own escape from jail after conviction (but before sentencing) in 1943, and for aiding and abetting another prisoner to escape from jail at that same time.

The present appeal stems from the denial of appellant's petition for writ of habeas corpus, the denial of a motion to vacate pursuant to RCr 11.42, and a denial of his motion to set aside the 1943 convictions as void.

■ It is patent that RCr 11.42 can afford appellant no relief because appellant is not "[a] prisoner in custody under sentence who claims a right to be released on the ground that the sentence is subject to collateral attack." Appellant has not been sentenced, hence is not within the purview of RCr 11.42.

The 1943 indictments against appellant charged him with (1) forgery and (2) uttering a worthless check. KRS 434.130; 434.070. He entered a guilty plea to both indictments and his punishment was fixed by a jury at imprisonment for five years on the forgery indictment and two years on the worthless check charge. Appellant escaped from the Boyd County jail before sentence was pronounced in the two convictions. The escape, coupled with his alleged activities with respect to another escaping prisoner, led to the two pending indictments incident to that episode.

Appellant has had a varied series of experiences since his escape in 1943. Shortly after the escape he entered the armed forces of the United States, from which he was honorably discharged. However, he became embroiled in criminal activity in Texas and was ultimately sentenced to imprisonment for life in that state. He has been released from his Texas confinement and returned to Kentucky to face the 1943 charges against him.

Appellant bases his attack upon the two convictions upon twelve asserted errors:

1. He was not given a preliminary hearing.

2. He was not advised of his right to counsel.

3. He did not have counsel.

4. He was not confronted by his accusers.

5. The jailer told him to cooperate and the judge would be lenient.

6. He was not given a copy of the warrant on which he was held.

7. He entered a plea of guilty without advice of counsel.

8. He was never given a copy of the indictment.

9. The Commonwealth's Attorney told the jury they had to do something with such people coming into Boyd County and committing these crimes.

10. He did not know the consequences of pleading guilty and no attorney advised him of the consequences.

11. He filed a motion to dismiss February 8, 1950.

12. He filed a motion to dismiss April 13, 1965, which the circuit court refused to rule on because he was not personally before the court.

In addition to the formidable list of "errors," which are set out in substantially the language of appellant, there are other reasons advanced by appellant which he considers sufficient to warrant his immediate release from custody. We have examined all of these reasons and find that none of them is sufficient to afford the relief sought.

■ In treating the twelve charges of error as to the original convictions, it is manifest that many of them are not proper grounds for setting aside the convictions. It is plain that numbered grounds 1, 4, 5, 6, 8, 9, 11 and 12 afford no basis for setting aside the original convictions. Cf. Carson v. Commonwealth, Ky., 382 S.W.2d 85, cert. den. 380 U.S. 938, 85 S.Ct. 949, 13 L.Ed.2d 825; Benoit v. Commonwealth, Ky., 402 S.W.2d 706; King v. Commonwealth, Ky., 387 S.W.2d 582.

Grounds 2, 3, 7 and 10 relate to ineffective assistance of counsel. Appellant places much emphasis upon Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and asserts that he should have had counsel at every critical stage of the prosecutions. The principles of Escobedo affect only those cases in which the trial began after June 22, 1964. Johnson v. New Jersey, (dec. June 20, 1966), 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. This leaves for inquiry the allegation that appellant had no counsel upon his trial.

The trial orders incident to the 1943 convictions reflect that the appellant appeared "with counsel" and entered pleas of guilty in each case. At an evidentiary hearing in the present proceeding the trial judge heard testimony from the appellant to the effect that he did not, in fact, have counsel, the recitations of the orders to the contrary notwithstanding. The trial judge concluded that the appellant's unsupported statement was not sufficient to impeach the verity of the trial orders made at the very time of the trial. Since the transcript of the evidentiary hearing is not in the record before us, we could affirm on the principle that we will assume that the transcript supports the findings of the trial judge. However, we conclude that the face of the record is adequate to sustain the findings of the trial court in this respect. Cf. Williams v. Commonwealth, Ky., (dec. July 1, 1966) 405 S.W.2d 17; Moore v. Commonwealth, Ky., 394 S.W.2d 931; Brown v. Commonwealth, Ky., 396 S.W.2d 773.

Appellant contends that Kentucky forfeited its jurisdiction of him, with respect to the original convictions as well as in the pending escape indictments. This contention is based on the fact that appellant was arrested in Nevada in 1949, apparently upon an "unlawful flight to avoid prosecution" charge. He was then in federal custody, and it was made known that Texas and Kentucky authorities "wanted" him. Texas authorities obtained him, and he was sentenced to imprisonment for life on the Texas charge. A detainer was placed against him by Kentucky authorities incident to the matters now before us. This, says appellant, forfeited Kentucky's jurisdiction. He relies on Davis v. Harris, Ky., 355 S.W.2d 147; Jones v. Rayborn, Ky., 346 S.W.2d 743, and Thomas v. Schumaker, Ky., 360 S.W.2d 215. It will be noted that those decisions are premised upon KRS 440.330, which directs that Kentucky's Governor may surrender " * * * any person found in this state" * * * to another demanding authority without forfeiting Kentucky's right of prosecution. It was the failure to observe the statutory procedures in the three cited cases that worked forfeiture of Kentucky's right of prosecution. But those three prisoners were persons "found in this state," and whose release was effected by local authorities, not the Governor. In the case at bar the appellant was not "found in this state"—he was in Nevada, when he was transferred to the Texas authorities. In such case the provisions of KRS 440.330 had no application, nor do the cases just cited. It should be noted that KRS 440.330 was enacted in 1960 as a part of the Uniform Criminal Extradition Act; it was not effective in 1949 anyway, so its provisions had no effect upon the actions of which appellant complains.

Even if it could be thought that the 1943 convictions were void, the appellant is in legal custody. He is legally detained to answer the escape charges; he is legally detained as to the original 1943 charges also, since the validity of his indictment on those charges remains unchallenged.

The judgment is affirmed.