James **WILLIAMS**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

July 1, 1966.

James Williams, pro se.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

James Williams, having been convicted of armed robbery and being presently confined at Eddyville Penitentiary serving a life sentence, filed a motion under RCr 11.-42 seeking to vacate the judgment of conviction. The motion was overruled without appointment of counsel or an evidentiary hearing. This appeal tests the propriety of the order denying the motion to vacate.

The grounds for vacating the judgment, as asserted in the RCr 11.42 motion, are the same grounds urged here for reversal. They are: (1) effective assistance of counsel upon the original trial was denied, because (a) the lawyer appointed for appellant was so appointed only two or three hours before the trial started; (b) the court-appointed lawyer failed to object to "very serious errors * * * of a constitutional nature," and (c) the court-appointed counsel "refused to appeal the case,

or make a motion for a new trial;" (2) appellant was denied an examining trial.

Official orders of the original trial reflect that on November 16, 1953, the defendant-appellant appeared in open court, waived arraignment and entered a plea of not guilty. At that time, according to the order, it appearing that defendant was without funds, Hon. Kelsey E. Friend, a regularly practicing attorney at the Pike County bar was appointed to represent him. The trial date was set for December 8, 1953. On the latter date, as shown by trial order in the record before us, the trial was had, and Mr. Friend appeared for and represented the defendant-appellant.

In these circumstances, we are of the view that the "file" of the original trial, viz., the orders which recite that counsel was appointed for this appellant on November 16th, prior to a trial on December 8th, refute the bald assertion that counsel was not appointed until just two or three hours before the trial. See Moore v. Commonwealth, Ky., 394 S.W.2d 931, in which we cited with approval the principle enunciated in Rayborn v. United States, 6 Cir., 251 F.2d 950, that mere unsupported allegations of lack of counsel will not be permitted to contradict plain, unambiguous court records. Of like import is Brown v. Commonwealth, Ky., 396 S.W.2d 773. In the present case the appellant does not deny that the trial records are correct, hence there was no error in refusing a hearing on the asserted lack of time for counsel to prepare the defense.

Neither is there merit in the vaporous claim that appointed counsel failed to duly object to "very serious errors * * * of a constitutional nature." To say the least, if appellant is in good faith in making such an allegation he should be in position to say what errors he had in mind. Barnes v. Commonwealth, Ky., 383 S.W.2d 342; Sharp v. Commonwealth, Ky., 385 S.W.2d 317; Brown v. Commonwealth, Ky., 397 S.W.2d 160.

Appellant's third assault on the judgment is that his court-appointed counsel "refused to appeal the case, or make a motion for a new trial." We think the principle of Tipton v. Commonwealth, Ky., 398 S.W.2d 493 governs here. It is noted that appellant does not aver any substantive ground upon which he deems that a motion for a new trial or an appeal would have been successful. The case at bar is distinguishable from Hammershoy v. Commonwealth, Ky., 398 S.W.2d 883 in that Hammershoy "set forth certain substantive grounds of error and alleged that he had been deprived of an appeal because his court-appointed counsel failed to perfect it after agreeing to do so." Id., 398 S.W.2d at 884. We do not distinguish Hammershoy on the basis of the alleged agreement of counsel to appeal, but on the basis of the averment of "substantive errors" in the original trial, the review of which (it was claimed) had been foreclosed by the court-appointed counsel's failure to perfect an appeal.

Our position in this respect is not in conflict with Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, and Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892. In Douglas the defendants, both indigents, had discharged the public defender because of a claimed conflict of interest. They sought postponement to obtain other counsel, but this motion was denied, and upon their trial without counsel they were convicted of 13 separate felonies. They requested and were denied the right to counsel on appeal. Their appeal as of right to the California District Court of Appeal resulted in the affirmance of the convictions. Among numerous grounds for reversal advanced by Douglas and his co-defendant, Meyes, was the failure to afford them counsel on their appeal to the District Court of Appeal of California. In rejecting that argument for reversal the District Court of Appeal of California observed that its examination of the trial record convinced the court "that no good whatever

could be served by appointment of counsel." See People v. Douglas, 187 Cal.App.2d 802, 10 Cal.Rptr. 188, 195. This ruling of the California court was based on a California rule authorizing appellate courts of that state to make an independant determination as to whether it would be advantageous to appoint counsel on appeal for an indigent. Since that rule left the indigent to the discretion of a state agency (court) as to whether he could or should have an appeal with counsel, it was struck down as violative of the guaranties of equal protection and due process. Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811.

In Lane v. Brown, 372 U.S. 477, 83 S. Ct. 768, 9 L.Ed.2d 892, the Indiana law was held unconstitutional which reposed in the public defender the sole discretion as to whether a free transcript should be furnished the indigent on appeal. In Lane there were numerous substantive errors asserted.

If the present appellant had perfected an appeal from the original trial this court could have (and should have) disposed of it perfunctorily for his failure to have asserted substantive prejudicial error. RCr 9.24. It would be anomalous to require a hearing in this proceeding, with a view to permitting a belated appeal, in the face of an absence of any asserted error to be reviewed even if the appeal were taken.

We are bolstered in our conclusion by Miller v. United States, 9th CCA, 1964, 339 F.2d 581. In Miller, decided in full light of Douglas v. People of State of California, supra, and Lane v. Brown, supra, the U. S. Court of Appeals held that the District Court properly denied post-conviction relief without a hearing. A prime basis urged for the relief was Miller's claim that his court-appointed counsel " * * * [had] not honored his assurance to file timely notice of appeal." In disposing of that contention the U. S. Court of Appeals said:

"Appellant in his moving papers also states that he acquainted both the trial court and trial counsel with his view 'that plain errors and harmful prejudice permeated his jury trial.' He has not, however, beyond this conclusory statement disclosed to the Court below the nature of the error and prejudice which by appeal he proposed to correct. The statement itself does not amount to an allegation that specific error had been committed. Rivera v. United States (9 Cir. 1963) 318 F.2d 606, 608. There was no way in which the District Court could determine the existence of prejudice or judge the substantiality of appellant's claim.

"Under these circumstances appellant is not entitled to a hearing under § 2255. Wilson v. United States (9 Cir. 1964) 338 F.2d 54 [1964]."

■ There is no merit in the claimed lack of an examining trial, inasmuch as there is no showing or assertion that any prejudice to appellant's rights at his jury trial resulted from the failure to accord him an examining trial. Roark v. Commonwealth, Ky., 404 S.W.2d 22 (Decided June 10, 1966).

The judgment is affirmed.

PALMORE, Chief Justice (dissenting).

After dwelling so much on what happened in the lower courts in Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the majority opinion seems to misapprehend the basis on which the Supreme Court reversed the case. It was held in *Douglas* that an indigent defendant cannot be deprived of counsel on appeal even when the court from which he desires to take the appeal makes a determination that he has no meritorious grounds for appeal. Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963), held the same to be true when the determination is made by a public defender. The significant point of these two decisions is that the right to an appellate review, with counsel, *does not depend on the existence of meritorious grounds.*

Since, therefore, a convicted defendant need not have meritorious grounds in order to avail himself of the right to counsel on appeal, it is absurd to say that he must nevertheless allege that he did have such grounds in order to show that he has been deprived of that right. Yet that is exactly what the majority opinion says he must do. For that reason I think it is incompatible with *Douglas* and *Lane*. I am afraid our reluctance to face up to overruling the dictum in .Tipton v. Commonwealth, Ky., 398 S.W.2d 493 (1966), may result eventually in the necessity of overruling both it and this case.

*Douglas* and *Lane* were not even discussed in Miller v. United States, 339 F.2d 581 (9th Cir. 1964). Needless to say, I believe that opinion also is unsound.

Sometimes I feel that we are too restrictive in our application of the principles laid down by the Supreme Court because they do not meet with our unqualified approval. Whether we like them, however, is irrelevant. Our only task is to determine whether they apply.

Since I believe the principle of *Douglas* and *Lane* apply to this case I dissent from the majority opinion.