**Orville Lee MOORE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 14, 1966.

J. Robert Brown, Louisville, for appellant.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

WILLIAMS, Judge.

This is the second appeal from a judgment overruling Orville Lee Moore's motion under RCr 11.42 to vacate the judgment under which he is serving a life sentence for armed robbery. On the first appeal we directed the circuit court to grant Moore a hearing with counsel on the question whether he did in fact have counsel at his trial. Moore v. Commonwealth, Ky., 394 S.W.2d 931 (1965). Moore was granted a second hearing with counsel, proof was taken and judgment entered from which he appeals.

The sole question for determination on the second hearing was whether Moore had counsel at his trial. Moore testified he had none and his sister supported his testimony. On the other side is the judgment which recites that Moore was brought into court and that he had counsel. This fact was noted in our first opinion. In addition, it was brought out in the second hearing that the name Thiemann appears on the indictment adjacent to Orville Lee Moore's name; that the practice of the trial court in 1952 was to list only the last name of counsel on the indictment; that Leo Thiemann in 1952 was an active practicing attorney in the criminal court; that the Commonwealth Attorney's records indicate that Thiemann was counsel for Moore; and that, according to the attorneys and police officers who testified, there had never been an instance to their knowledge where an accused was tried without counsel in a case similar to this.

As we said in the first opinion, mere unsupported allegations of lack of counsel will not be permitted to contradict plain, unambiguous court records. It was shown that the court records which were introduced were prepared in the manner which was customary at that time, and that the

custom was to list the last name of the attorney who represented the defendant.

In the case of Brown v. Commonwealth, Ky., 396 S.W.2d 773 (1965), an almost identical set of circumstances was presented. There the order of the court recited the accused appeared with counsel and the indictment listed the last name of an attorney on the back. We said:

"It may be safely stated that the dignity and majesty of public records increase with age, and the longer the period of time elapsing between their date and the time validity is questioned the greater the dignity, so that after the passage of a sufficient period of time such public records may become absolute and unassailable."

The introduction of public records, plus the testimony of officers of the court, presented sufficient proof to sustain the judgment of the circuit court.

The judgment is affirmed.