Dan Green DAVIS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 4, 1966.

Dan Green Davis, pro se.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., -Frankfort, for appellee.

STEWART, Judge.

This is an appeal from the McCreary Circuit Court denying a motion, without a hearing, to vacate a judgment pursuant to RCr 11.42. Appellant, Dan Green Davis, alleges in support of the motion that he was without counsel at the time of trial.

It is disclosed that on April 7, 1941, Davis was indicted for murder. He pleaded not guilty to the charge. A trial was held on the 29th and 30th of April, 1941, and he was found guilty and a judgment was entered sentencing him to life imprisonment.

The trial court, taking judicial notice of the record in the McCreary Circuit Court pertaining to Davis' trial, denied the motion for a hearing on the ground that the record clearly indicated he was represented by counsel at every stage of his trial. An examination of that proceeding which, so far as it is pertinent, has been filed before us, states that Davis and one Leslie Vaughn were jointly indicted for wilful murder. On the day the trial of the two men was set, two orders were entered, which read as follows, omitting the captions:

"Came defendants, by attorneys, into open court and demurred to the indictment for wilful murder, said demurrer being overruled to which the defendants excepts.
/s/ Flem D. Sampson, Judge."

"Came defendants, by attorney, and moved the court for severance of trial, and said motion being sustained and the Commonwealth elected to try Dan Green Davis first.
/s/ Flem D. Sampson, Judge."

Appellant maintains, however, that the use of the words "attorneys" and "attorney," without identifying any person who acted in that capacity, could easily refer to the Commonwealth's attorney. We do not agree. There is no possible way that the word "attorneys," used in the plural in the first quoted order, could rationally be construed to signify the Commonwealth's attorney. Furthermore, the plain meaning of the expression, "Came the defendants, by attorneys," conveys the unmistakable belief that counsel appeared at the trial in behalf of both the defendants.

The case at bar is one where the record of the original proceeding is sufficient on its face to negate any right to relief on the ground asserted in the motion. See Jones v. Commonwealth, Ky., 388 S.W.2d 601.

Wherefore, the judgment is affirmed.