**Lester KING, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 4, 1966.

Billy R. Paxton, Central City, for appellant.

Robert Matthews, Atty. Gen., John B. Browning, David Murrell, Asst. Attys. Gen., for appellee.

MILLIKEN, Judge.

This is a proceeding under RCr 11.42 to vacate a 1940 judgment and sentence of life imprisonment for murder. At King's trial in 1940 his counsel moved for a continuance because of the absence of witnesses. The court overruled his motion when the Commonwealth permitted the reading of an affidavit as to what the absent witnesses would testify. The judgment of conviction was not appealed to this Court. After a hearing, the trial court denied the instant RCr 11.42 motion to set aside the conviction.

King asserts that the trial court in 1940 should have granted the motion for continuance so that his counsel would have a more reasonable time for the preparation of his case. The record indicates that counsel had been retained thirty days prior to the date of the trial. In support of his contention, he cites Woods v. Commonwealth, Ky., 305 S.W.2d 935, where this Court held that the accused and his counsel had a right to a reasonable time to prepare for trial. However, in the Woods case, supra, counsel had not been appointed until the day of the trial which is quite a different circumstance than prevailed at King's trial. Furthermore, King's counsel did not move for a continuance for the purpose of preparing for trial, but because of the absence of some of his witnesses. In any event, this is no ground for relief under RCr 11.42.

In his motion King argues that the judgment should be vacated because the record does not show that he was present at all stages of his trial. It is fairly deducible from the record that he was present when the judgment was entered, and, of course, during the trial. King did not introduce any evidence on this issue at his RCr 11.42 hearing, so we consider it waived. Again, in any event, King's assertion here is not specific enough for relief under RCr 11.42. Brown v. Commonwealth, Ky., 397 S.W.2d 160 (1965).

His last contention, that the judgment should be vacated because he was represented by an ineffective counsel, is not persuasive in light of the fact that his counsel was not court-appointed, but instead was retained by King's father. An accused usually cannot complain about inadequate representation of counsel when the court did not appoint such counsel. Whack v. Commonwealth, Ky., 390 S.W.2d 161 (1965). On the RCr 11.42 hearing the trial court found as a matter of fact that King's counsel at his murder trial, who is no longer alive, was a competent member of the bar.

Although this is not relevant to an RCr 11.42 proceeding, we note that the jury was given full instructions at King's trial for murder, including instructions on murder, voluntary and involuntary manslaughter, killing in sudden heat and passion, and an instruction on self-defense. We conclude that there is no merit in any of King's contentions and that none of them are relevant to an RCr 11.42 proceeding. King v. Commonwealth, Ky., 387 S.W.2d 582 (1965).

The judgment is affirmed.