**J. D. ROBERTS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 30, 1967.

———◆———

Thomas F. Manby, Jr., Clark, Manby & Williamson, LaGrange, for appellant.

Robert Matthews, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

This is an appeal from a judgment convicting appellant of grand larceny and fixing his punishment at confinement for one year in the penitentiary.

■ On Sunday evening, March 13, 1966, about 10 p. m., appellant was apprehended by a police officer of LaGrange, Kentucky, on the lot of Southern States Cooperative. At the time he was apprehended he was operating a pick-up truck without lights. It was loaded with approximately 100 steel fence posts belonging to the cooperative. When apprehended, appellant informed the officers that he had previously made arrangements with the management to take the posts. Later investigation proved this statement to be false. He now contends that his conviction should be set aside because the complaint originally issued charging him with the offense was not executed before a magistrate and therefore the circuit court lacked jurisdiction. He also insists that he was entitled to an instruction upon the offense of taking property without felonious intent as denounced by KRS 433.240. It is our opinion that appellant is wrong on both counts. He was tried under an indictment which he does not contest. The fact that his arrest might have been illegal does not affect his subsequent conviction. Many persons have the false belief that one who is unlawfully arrested can never be tried for the crime. This seems to be appellant's position. The correct rule in 5 Am.Jur.2d, Arrest § 116 (1962) is as follows:

> "The fact that an original arrest may have been unlawful does not affect the jurisdiction of the court, nor is it a ground for quashing the information. And it does not preclude trial of the accused for the offense."

See also Ker v. People of State of Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421. And Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541.

■ Appellant's second contention that he was entitled to an instruction on an offense of an unlawful taking under KRS 433.240, we find without merit. There are

no circumstances in this record under which the jury could have believed that the appellant had the right to take the posts. The offense was larceny or nothing. Since appellant's theory did not warrant the instruction there was no error on the part of the trial court in failing to instruct. See Wombles v. Commonwealth, Ky., 317 S.W. 2d 169.

The judgment is affirmed.

All concur.