**Stewart Ray TRIPLETT, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 14, 1969.

As Modified on Denial of Rehearing
May 9, 1969.

Stewart Ray Triplett, pro se, Winfrey P. Blackburn, Jr., Louisville, for appellant.

Robert Matthews, Atty. Gen., James Barr, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

This is an appeal from an order of the Jefferson Circuit Court denying relief upon appellant's motion to vacate the judgment under RCr 11.42. Appellant when acting pro se filed an affidavit setting forth evidentiary matter which had not been offered for the consideration of the trial court. The Commonwealth as a matter of precaution filed controverting evidentiary material. We cannot consider any of this material. This is not a court of original jurisdiction. New material not considered by the trial court is not admissible and should not be considered by us. At the time the motion was sustained to permit the inclusion of the material it was with the understanding that the material had been offered as evidence upon a hearing in the trial court and had been inadvertently omitted from the record, which is the only situation in which our civil rules allow the record to be supplemented, CR 75.08. Such was not the case and as this new evidence was not a part of the record in the trial court it is stricken from the record here and the case will be reviewed only upon the material considered by the trial court.

Appellant alleges that he was improperly arrested without a warrant. This is not a proper basis for relief under RCr 11.42. Roberts v. Commonwealth, Ky., 417 S.W.2d 234 (1967); Morgan v. Commonwealth, Ky., 399 S.W.2d 725 (1966); King v. Commonwealth, Ky., 387 S.W.2d 582 (1965). He further alleges that he made a confession of the crimes to the police officers after his arrest and that he was not advised of his right to counsel. Since he entered a plea of guilty at his trial and the confessions were not used against him, he is not entitled to relief under RCr 11.42. Cox v. Commonwealth, Ky., 411 S.W.2d 320 (1967); United States v. Sturm, 7 Cir., 180 F.2d 413. In the latter case it was held that the alleged invasion of the defendant's rights (by an alleged coerced confession) was waived by a guilty plea made while represented by counsel.

Appellant further alleges that he was not represented by counsel at the time he entered the plea of guilty. This is supported by his own affidavit only. The record of the trial court shows conclusively that the appellee was represented by an attorney, M. O. Henchey. We have previously held many times that the lower court's judgment will not be reversed on petition for relief under RCr 11.42 where the court records state that the appellant was represented by counsel. Davis v. Commonwealth, Ky., 408 S.W.2d 199 (1966); Burks v. Commonwealth, Ky., 407 S.W.2d 715 (1966); Moore v. Commonwealth, Ky., 407 S.W.2d 136 (1966); Ray v. Commonwealth, Ky., 398 S.W.2d 504 (1966); Brown v. Commonwealth, Ky., 396 S.W.2d 773 (1965); Wil-

son v. Commonwealth, Ky., 403 S.W.2d 710 (1966).

■ We are not here saying that it is impossible for a motion under RCr 11.42 to place in question the validity of the court records. We are holding that where the record is clear that the accused was represented by counsel and where the trial judge who presided at the original trial and therefore knew what transpired there presided on the petition for RCr 11.42, something more than the naked allegation of the accused that he was not represented by counsel will be required under these circumstances before a hearing will be ordered.

We are of the opinion that the record before the trial court did not demonstrate that appellant was entitled to a hearing.

The judgment is affirmed.

All concur.