**Charles Edgar HOWELL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 26, 1969.

Charles Edgar Howell, pro se.

John B. Breckinridge, Atty. Gen., James Barr, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was convicted of the crime of uttering a forged instrument. KRS 434.-130. On appeal he raises four questions.

He first contends he was denied equal protection of the law and due process when he was illegally arrested. Assuming this occurred, no question has heretofore been raised concerning the arrest and it is too late to raise the objection for the first time on appeal. Shockley v. Commonwealth, Ky., 415 S.W.2d 866. In any event, the illegality of the arrest does not affect a subsequent conviction. Roberts v. Commonwealth, Ky., 417 S.W.2d 234.

It is next contended that appellant was denied the right to effective counsel. The attorney he had originally employed had withdrawn and on the day of trial he employed new counsel and the court appointed counsel for him. A reading of this record demonstrates that both of his attorneys defended him at the trial in a most competent manner. Actually he was acquitted of the most serious charge against him.

Related to the preceding contention is the claim that he was entitled to a continuance to allow adequate time for trial

preparation. However, no motion was made for a continuance and there is no showing that a failure to grant it prejudiced his defense. His counsel did not ask additional time for preparation, and as we noted above, they adequately represented him.

 It is finally contended that the court erred in permitting the introduction of a photograph that was taken of the person cashing the forged check. The argument seems to be that the photograph was so unclear as not to identify anybody. However, it is a picture of a person with many identifiable features. It may be pointed out that appellant was otherwise identified. This photograph was relevant and we find no error in admitting it in evidence.

The judgment is affirmed.

All concur.