**Donald Gene EVANS, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 1, 1970.

Donald Gene Evans, pro se.

John Breckinridge, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Donald Gene Evans is confined in the state penitentiary under a judgment entered on September 6, 1969, sentencing him to serve *consecutively* three two-year terms imposed upon him on convictions of three offenses of forgery. He sought relief from the judgment by a motion under RCr 11.42, in which his principal allegation was that he had been sentenced on December 27, 1968, to serve the three terms *concurrently* and that the trial court had no right or authority to resentence him nine months later to serve the terms *consecutively*. He also alleged the failure of the authorities to give him the *Miranda* warnings, and a lack of effective assistance of counsel. The circuit court overruled the motion without a hearing, and in the order stated that although judgment was "pronounced" on December 27, 1968, sentencing Evans to serve the three terms *concurrently,* no judgment document was then signed or entered; that Evans was released on bond pending the convenience of the sheriff for transportation of Evans to the penitentiary; that Evans absconded and was not reapprehended until September 6, 1969; and on that day judgment was signed and entered sentencing Evans to serve the terms consecutively.

The decision whether to make the terms run consecutively or concurrently was within the discretion of the trial court. RCr 11.04; McBride v. Commonwealth, Ky., 432 S.W.2d 410. Until a judgment was entered the court retained that discretion, because until the entry of judgment the court retained control of the case. Commonwealth v. Bailey, Ky., 259 .S.W.2d 49. The delay in entering judgment cannot be considered unreasonable so as to violate RCr 11.02, in view of the defendant's being a fugitive during the period of the delay. Cf. Green v. Commonwealth, Ky., 400 S.W. 2d 206.

It is our conclusion that the provision of the judgment directing that the terms be served consecutively is valid.

The allegations of failure to give the *Miranda* warnings and of failure to appoint counsel for Evans until after his ex-

amining trial are not such as to entitle Evans to any relief, in view of the fact that counsel was appointed for him some six months before trial, and that he pleaded guilty with the advice of counsel. See Holcomb v. Commonwealth, Ky., 441 S.W.2d 140. The undetailed allegations of "ineffective assistance of counsel" and that he was "coerced by his own counsel" to plead guilty were not sufficient to entitle Evans to a hearing. See Burton v. Commonwealth, Ky., 394 S.W.2d 933; Barnes v. Commonwealth, Ky., 383 S.W.2d 342.

The judgment is affirmed.

All concur.