**Ronald L. SZABO, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 18, 1970.

Edward M. Post, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant was convicted on May 18, 1967, of the crime of rape and was sentenced to life imprisonment. He was represented by hired counsel who did not seek an appellate review of the conviction. On June 19, 1968, appellant, acting pro se, moved to vacate the conviction pursuant to RCr 11.42. After the trial court had overruled the motion, this court assigned counsel to assist in taking an appeal. Although a transcript of the trial proceedings was filed with the clerk of this court, the appeal was apparently abandoned.

On April 26, 1969, another motion to vacate under RCr 11.42 was filed. We now consider the appeal from the trial court's order overruling that motion.

In appellant's behalf it is contended that this court should consider the appeal on its merits because: (1) the present grounds of error were not presented in the original RCr 11.42 motion; (2) appellant was denied due process of law since there was no evidence of penetration, one of the essential elements of rape; (3) the jury was not properly instructed; (4) there was an erroneous denial of a change of venue and continuance; (5) prejudicial evidence was introduced; (6) there were inflammatory remarks made by the prosecutor; (7) appellant was denied the right of appeal and (8) appellant was denied effective assistance of counsel.

Counsel for appellant concedes that he is not entitled to the relief sought herein under the pronouncements of Satterly v. Commonwealth, Ky., 441 S.W.2d 144; Polsgrove v. Commonwealth, Ky., 439 S.W. 2d 776; Gray v. Wingo, Ky., 423 S.W.2d 517; King v. Commonwealth, Ky., 408 S.W.2d 204; Caudill v. Commonwealth, Ky., 408 S.W.2d 182; Odewahn v. Commonwealth, Ky., 407 S.W.2d 137; Chick v. Commonwealth, Ky., 405 S.W.2d 14; Benoit v. Commonwealth, Ky., 402 S.W.2d 706; Tipton v. Commonwealth, Ky., 398 S.W.2d 493 and Himes v. Commonwealth, Ky., 350 S.W.2d 637. However, in effect, he urges that since there has never been an appellate post conviction review of his case we should waive our Rules, review the record of his original trial and ascertain if he was properly convicted of rape.

We decline to change our RCr 11.42 procedure as suggested by counsel for appellant. Nevertheless, as there may be some question as to why the previous appeal was abandoned, we have carefully considered the entire record before us and find that appellant was not deprived of any of his constitutional rights at his original trial.

The judgment is affirmed.

All concur.