785 F.2d 307
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROY BROSHEARS, Petitioner-Appellant,
v.
COMMONWEALTH OF KENTUCKY, Defendant-Appellee.
 85-5500
 United States Court of Appeals, Sixth Circuit.
 1/24/86
 
 BEFORE: LIVELY, Chief Judge; WELLFORD, Circuit Judge; and PORTER,* Senior Judge, District Court.
 PER CURIAM.
 
 
 1
 Appellant Broshears appeals from the dismissal of his habeas corpus petition by the United States District Court for the Eastern District of Kentucky which adopted in full the findings of the United States Magistrate. We find that the dismissal was proper and therefore affirm.
 
 
 2
 On November 2, 1968 Appellant Roy Broshears was sentenced to life imprisonment following his conviction for murder in Kentucky's Bell County Circuit Court. While appealing his conviction, Broshears remained in the Bell County Jail from which he escaped on July 28, 1969. About seven years later Broshears was arrested in Chicago by federal officials who charged him with 'unlawfully aiding and assisting in the escape of federal prisoners' during the 1969 escape. On October 27, 1976 Broshears was found guilty of the federal offense in the United States District Court for the Eastern District of Kentucky. He was sentenced to a five-year term of imprisonment 'to be served consecutively to any state sentence which the defendant may be required to serve prior to the beginning of the sentence this day imposed.' Joint Appendix at 23. Broshears was taken to the federal pentitentiary at Leavenworth, Kansas where he served his five-year sentence. While in prison, Broshears sought unsuccessfully to challenge his return to Kentucky following the completion of his federal sentence. Upon release from his federal sentence he was returned on January 24, 1983, over his protests, to Kentucky to serve the remainder of his life sentence for murder.
 
 
 3
 Appellant contends that his subsequent custody in Kentucky was illegal detention in violation of the due process clause of the fifth and fourteenth amendments. Specifically, Broshears claims that Kentucky authorities waived their right to imprison him on the life sentence when they did not take custody of him following his conviction for a federal offense in the federal court in Kentucky. Broshears relies on a trio of Kentucky cases which have held that under certain circumstances a state may lose jurisdiction over a prisoner who is serving a sentence when they release that prisoner to another state through improper procedures. See Thomas v. Schumaker, Ky., 360 S.W.2d 215 (1962); Davis v. Harris, Ky. 355 S.W.2d 147 (1962); Jones v. Rayborn, Ky., 346 S.W.2d 743 (1961). In particular, Broshears argues that Jones v. Rayborn is applicable because of the similarity to his circumstances. In that case habeas corpus relief was granted to a prisoner who was transferred against his will to a federal penitentiary shortly before he was eligible for parole under state law, and who was then returned to state custody under circumstances that violated the original understanding made in releasing him. The Rayborn court held that such a release constituted 'arbitrary action in disregard of essential right and justice.' 346 S.W.2d 747.
 
 
 4
 Moreover, Broshears contends that the Sixth Circuit has followed the Jones v. Rayborn rationale in some cases when it has noted that a state which surrenders a person to another jurisdiction loses all rights thereafter to require him to serve the remainder of his sentence. Hines v. Ohio Adult Parole Authority, 448 F.2d 410, 411-412 (6th Cir. 1971). See also Thompson v. Bannan, 298 F.2d 611 (6th Cir. 1962). Broshears urges this Court to read these cases broadly and to extend their rationale. Specifically appellant urges us to accept a rule that would impose an affirmative duty on a state to reacquire jurisdiction over an escapee in the hands of another sovereign in order to avoid waiving jurisdiction over him.
 
 
 5
 This Court has previously held that a state does not have such an affirmative duty. In Chick v. Wingo, 387 F.2d 330 (6th Cir. 1967), we denied habeas corpus relief under similar circumstances. In that case appellant had escaped from a Kentucky jail after a jury had returned guilty verdicts and sentences, but before formal sentencing. Appellant argued that Kentucky waived the right to seek his return to serve his Kentucky sentences because they had allowed the state of Texas to remove appellant from Nevada, where he was under arrest, to Texas to serve a 17-year term for robbery. In that case we rejected appellant's argument, finding that there is no federal constitutional rule which determines in what order sovereign states must exercise their interest in a fugitive from justice.' 387 F.2d at 331. Notwithstanding the particular language of Broshears' sentence, we conclude that a similar holding is appropriate here.
 
 
 6
 Our conclusion is further supported by the fact that all of the cases cited by appellant involved instances in which custody of the prisoner was voluntarily relinquished, usually through extradition or parole. Moreover, the holding of Jones v. Rayborn has been significantly limited by subsequent Kentucky cases. For example, in Shull v. Wingo, Ky., 446 S.W.2d 645 (1969), the Kentucky Court of Appeals said that Rayborn, Thomas, and Davis all stand for the proposition that the state forfeits its jurisdiction when local authorities release a prisoner to another state without following proper administrative or statutory procedures. A similar view was expressed in Chick v. Kentucky, Ky., 405 S.W.2d 14 (196_). There was no similar procedural violation in the case at bar.
 
 
 7
 In addition, a case such as Rayborn involved some demonstrated prejudice to the prisoner by the state's arbitrary transfer of the prisoner to federal custody. In at least one other case, the Sixth Circuit has found Rayborn inapplicable where the prisoner lost no rights by the government's actions which were themselves not arbitrary. Lipscomb v. Stevens, 349 F.2d 997, 1001 (6th Cir. 1965). In the case before us, appellant has alleged no way in which his rights have been violated, nor any aspect of Kentucky's treatment that has been arbitrary. Indeed, his entire argument is based purely on Kentucky's failure to take any affirmative action to gain custody of him after his federal sentence was imposed, thereby waiving their jurisdiction over him.
 
 
 8
 Finally, Broshears' case may be distinguished from a Fifth Circuit case relied on by appellant, Shields v. Beto, 370 F.2d 1003 (5th Cir. 1967). In that case a prisoner was extradited to another state before expiration of his sentence and the court held that it constituted a waiver of jurisdiction. The court found that Texas had demonstrated 'a lack of interest' in the prisoner for over 28 years during which time Texas made no attempt to return the prisoner, either by agreement between sovereigns or any other affirmative act. 370 F.2d at 1005-6. Kentucky has not exhibited such lack of interest regarding the return of Broshears.
 
 
 9
 Thus, it is clear that this case does not represent the kind of disinterest on the part of Kentucky, nor the sort of arbitrary deprivation of rights which justifies holding that Kentucky waived its jurisdiction over Broshears. More importantly, however, there was no intentional or negligent release of Broshears at all. Kentucky had no duty to take Broshears into its own custody when he was tried and sentenced in federal court following his escape. Their failure to do so therefore constitutes no waiver of jurisdiction over him. Consequently the district court's denial of appellant's petition for a writ of habeas corpus was correct. Affirmed.
 
 
 
 *
 Honorable David S. Porter, United States Senior District Judge, sitting by designation