**Felix PATTERSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 88–842.**

District of Columbia Court of Appeals.

Submitted May 3, 1990.

Decided June 6, 1990.

John E. Williams, Washington, D.C., appointed by this court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., John R. Fisher, Helen M. Bollwerk, Washington, D.C., and Anthony P. Farley, New York City, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, NEWMAN, Associate Judge, and PRYOR, Senior Judge.

PER CURIAM:

Appellant Felix Patterson appeals his conviction by a jury of possession of marijuana with intent to distribute, D.C.Code § 33–541(a)(1) (1988 Repl.), on the ground that the government failed properly to file an information charging him with possession with intent to distribute marijuana after the original information was lost. He claims that the trial judge therefore erred in denying his motion to dismiss the case. We affirm.

I

An indictment or other charging document "must assert a plain and concise statement of an alleged offense sufficient to put the accused on notice of the nature of the offense charged." *Smith v. United States,* 466 A.2d 429, 431 (D.C.1983); Super.Ct.Crim.R. 7(c).

The original case record charging appellant with possession with intent to distribute marijuana and distribution of marijuana was lost. The reconstructed record before the trial judge on April 5, 1988, did not contain a copy of the information. The judge stated that he would proceed to trial when the government filed a new information. Accordingly, on April 5, 1988, the government filed an information charging appellant with possession with intent to distribute marijuana and dismissed the count in the original information charging him with distribution of marijuana.

The records in the reconstructed case file indicated that when appellant was arraigned on November 23, 1987, he was charged with distribution of a controlled substance (marijuana) and possession with intent to distribute (marijuana). A certified copy of the Superior Court's computer data records of the history of the charges in this case indicated that appellant was initially charged with "UCSA Dist. (distribution of) Marijuana" and "P W/I D (possession with intent to distribute) Marijuana" on November 23, 1987. A form denominated Status Hearing Conference, dated December 15, 1987, and signed by Judge Burnett, who was then assigned the case for trial, corroborates the court's computer records regarding the charges.

Accordingly, we find no error by the trial judge denying appellant's motion to dismiss the case. The records in the reconstructed file reflected that the charge to be tried had been brought. *Chick v. Wingo*, 387 F.2d 330, 331 (6th Cir.1967) (a presumption of regularity attaches to the records of the court); *see Lewis v. United States*, 279 U.S. 63, 73, 49 S.Ct. 257, 260, 73 L.Ed. 615 (1929) (must clearly demonstrate why the presumption should not apply). Further, appellant's claim that he was unfairly tried on a charge of which he had no notice and for which a clarifying document had not been timely filed is meritless. Moreover, appellant, who was represented by counsel, did not claim at trial that he had not been properly apprised of the charge against him or that he had been prejudiced. His motion to dismiss the charge was based only on a claim that the government failed to file a charge. *See Clemons v. United States*, 400 A.2d 1048, 1051 (D.C.1979) (an information cannot be attacked for the first time on appeal absent a clear showing of miscarriage of justice or a failure to give a defendant notice of the charge against him).

Accordingly, the judgment is affirmed.