**Charles E. RINGO, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 5, 1970.

Paul K. Murphy, Murphy & Mussler, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

Charles Ringo appeals from a judgment that dismissed without an evidentiary hearing his motion for relief from two prior judgments of conviction.

In July, 1944, Ringo pleaded guilty in the Jefferson Circuit Court to a charge of operating a motor vehicle without the owner's consent. Rendition of judgment was withheld on condition of good behavior. He was also required to pay $16.00 a week for the support of his children. The trial order recited that he was represented by counsel.

On April 4, 1947, in Jefferson Circuit Court, Ringo again pleaded guilty, this time to two charges of grand larceny of an automobile. He was given a five-year sentence on each count. One of the sentences was suspended on condition of subsequent good behavior. He was ordered to serve the other sentence in the penitentiary. Again the record recited that he was represented by counsel.

In 1952, he was convicted in Tennessee of armed assault with intent to rob and given a 5-to-10 year sentence. In 1953, he was convicted in Bowling Green of malicious cutting and wounding with intent to kill and given an eight-year sentence.

In May of 1964, Ringo was convicted in the Jefferson Circuit Court of armed assault with intent to rob and sentenced to life imprisonment; he was also found guilty of storehouse breaking with two prior felony convictions (the 1944 and 1947 Jefferson Circuit Court judgments) and was given a second life sentence.

Ringo filed an RCr 11.42 motion addressed to the last judgment on the ground of ineffective aid of counsel. This attack was found to be without merit. Ringo v. Commonwealth, Ky., 391 S.W.2d 392 (1965). He then filed a petition for writ of habeas

corpus in which he asserted that the armed assault with intent to rob charge should not have been tried jointly with the habitual criminal charge. This additional attack was held to be likewise without merit. Wingo v. Ringo, Ky., 408 S.W.2d 469 (1966). In 1968, he filed another petition for writ of habeas corpus. This was also denied. Ringo v. Pound, Ky., 436 S.W.2d 264 (1969).

Ringo's latest sally is the present motion for relief under CR 60.02(5) and (6). He contends that the 1944 and 1947 judgments that convict him of felony are void because he was not represented by an attorney. The orders with which we are concerned recite specifically that he was represented by counsel, although unnamed.

◼ Assuming arguendo that CR 60.02 is available as a proper remedy, that rule requires a very substantial showing to merit relief under its provisions.

In Moore v. Commonwealth, Ky., 394 S.W.2d 931 (1965), an evidentiary hearing was ordered in an RCr 11.42 proceeding where the prisoner alleged lack of counsel, although the trial record recited the presence of counsel. The showing made, however was: (1) The attorney whose name was listed on the indictment as defense counsel stated in writing that he did not represent the prisoner; (2) another attorney whose possible representation of the prisoner had been asserted by the clerk of the court made affidavit that he had represented the prisoner's brother, but had never acted as counsel for the prisoner. We regarded that showing as sufficient to warrant an evidentiary hearing, but we adhered to the view expressed in Rayborn v. United States, 251 F.2d 950 (CCA 6th Cir.), that mere unsupported allegations of lack of counsel will not be permitted to contradict plain, unambiguous court records.

In the instant case we really have only the unsupported allegation of Ringo. He has supplemented the record with affidavits that were not considered by the trial judge. These affidavits merely state that *to the best of affiant's knowledge* Ringo was not represented by counsel and that the affiants were present when he pleaded guilty.

Ringo did not raise the question on his trial as a habitual criminal as was done in Ingram v. Commonwealth, Ky., 427 S.W.2d 815 (1968). Both judgments have been satisfied and have remained unassailed for over twenty years. Ringo's record establishes that he is not unacquainted with either criminal conduct or criminal procedure.

◼ The conclusive character of public records increases with age. The longer the period of time elapsing between their date and the time validity is questioned, the greater the dignity, so that after the passage of a sufficient period of time such records may become absolute and unassailable. See Brown v. Commonwealth, Ky., 396 S.W.2d 773 (1965).

◼ We are dealing with: (a) requested relief under CR 60.02(5) and (6) which in every instance requires a substantial showing and (b) an attack on the verity of public records after a period of greater than twenty years from their entry. Under those conditions, we conclude that a mere allegation of lack of counsel accompanied by affidavits not purporting to be based on positive representations that the records are inaccurate or false is an insufficient showing to warrant an evidentiary hearing in this case.

The judgment is affirmed.

All concur.