Curtis Lee **RAY**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

Court of Appeals of Kentucky.

March 12, 1982.

Discretionary Review Denied June 8, 1982.

Jack Emory Farley, Public Advocate, Linda K. West, Asst. Public Advocate, Frankfort, for appellant Curtis Lee Ray.

Steven L. Beshear, Atty. Gen., Suzanne Guss, Asst. Atty. Gen., Frankfort, for appellee Com.

Before HAYES, C. J., and GUDGEL and WINTERSHEIMER, JJ.

GUDGEL, Judge:

This is an appeal from an order entered by the Jefferson Circuit Court. The court overruled a CR 60.02 motion to vacate two judgments of conviction. Appellant, Curtis Lee Ray, contends that the court erred by denying his motion without first appointing counsel to represent him. We disagree. Accordingly, we affirm.

On February 17, 1969, appellant pleaded guilty to two counts of dwelling house breaking. He received a sentence of five years imprisonment. Over twelve years later on March 2, 1981, appellant filed a CR 60.02 motion seeking to vacate his 1969 judgments of conviction on the basis that his guilty pleas had not been obtained in compliance with the requirements set forth in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In his motion he requested that he be provided with the assistance of counsel. On March 23, 1981, the court denied his motion without first appointing counsel. This appeal followed.

Appellant contends that the Kentucky Supreme Court's decision in *Commonwealth v. Ivey*, Ky., 599 S.W.2d 456 (1980), and KRS 31.110 mandate that counsel be appointed in post-conviction proceedings such as this. We disagree.

■ Appellant's argument is premised on the provisions of KRS 31.110(2)(c) which speaks of a requirement to appoint counsel for "any other post-conviction proceeding." He argues that his CR 60.02 motion is such a proceeding. The fallacy of appellant's contention lies in his failure to recognize the limited scope of his statutory right to counsel which is set forth in KRS 31.110(1). This latter section of the statute specifies that before a needy person is entitled to the appointment of counsel he must be a person who is being "detained under a conviction for a serious crime...." We are satisfied that the "serious crime" referred to in KRS 31.110(1) is the crime which is causing a *present* detention of the defendant, not some crime committed years ago, the liability for which has been completely discharged. In the case at bar appellant is not seeking post-conviction relief from the judgment of conviction for which he is presently being detained, but relief from convictions which occurred twelve years ago. In our view, neither *Ivey, supra* or KRS 31.110 are applicable to such a proceeding. Accordingly, we hold that the court did not err in denying appellant's request that counsel be appointed to represent him.

■ In the interest of judicial economy, we will also address the issue of whether the court erred in denying appellant's CR 60.02 motion even though appellant does not specifically address the issue. The motivation for appellant seeking relief from his 1969 convictions is obvious. He was convicted in 1980 of being a persistent felony offender. Prior to this latter conviction, he never attacked his 1969 convictions by means of an RCr 11.42 motion, or otherwise. Instead, twelve years later he seeks to attack the convictions by means of a CR 60.02 motion in hopes of doing away with the underpinning for his 1980 persistent felony offender conviction. To permit him to do so, we believe, would be a perversion of our criminal justice system.

CR 60.02 is designed to provide relief where the reasons for the relief are of an extraordinary nature. In addition, the person seeking relief must do so within a reasonable time. Here, appellant's motion advances no reasons of an extraordinary nature justifying relief. Nor was the motion filed within a reasonable time in light of the fact that the convictions he seeks to set aside are twelve years old. Moreover, he apparently made no attack on the convictions at the time he was tried as a persistent felony offender. Accordingly, we hold that the court did not err in denying his motion on the merits. *Copeland v. Commonwealth*, Ky., 415 S.W.2d 842 (1967).

The court's order is affirmed.

All concur.