889 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Andrew PRATHER, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 89-5471.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1989.
 
 BEFORE KENNEDY and RYAN, Circuit Judges and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Andrew Prather, a pro se Kentucky state prisoner, appeals the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Prather is challenging his 1967 conviction of armed robbery for which he received a twenty-one year sentence. He argues that he was not appointed counsel, and that his guilty plea was not voluntary and intelligent.
 
 
 3
 Upon consideration, we conclude that petitioner is barred from raising these claims in a federal habeas corpus action, as he procedurally defaulted in the state courts, thereby waiving his right to review. The highest Kentucky court to address petitioner's claims, the Court of Appeals, expressly ruled that petitioner had waived his right to raise these issues in a post-conviction action by not raising them in 1983 when he was convicted of being a persistent felony offender based in part on his 1967 conviction. The Kentucky Court of Appeals rejected Prather's claim that this procedural rule was inapplicable to his case, although the frequently cited case of Alvey v. Commonwealth, 648 S.W.2d 858 (Ky.1983), was decided six days after Prather's conviction as a persistent felon. Alvey was consistent with prior Kentucky precedent such as Ray v. Commonwealth, 633 S.W.2d 71 (Ky.App.1982), and Copeland v. Commonwealth, 415 S.W.2d 842 (Ky.1967). Prather has cited no other reason for his admitted delay until 1985 to raise these issues regarding a 1967 conviction. Moreover, we conclude that his petition could properly have been dismissed as a delayed petition. The state was obviously prejudiced as there is no transcript of the plea hearing and both the trial judge and the prosecuting attorney are deceased, and there has been a total lack of reasonable diligence on Prather's part. See Rule 9(a), Rules Governing Sec. 2254 Cases.
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.