MAZE, JUDGE:
Kali Carroll (Kali) appeals from an order by the Hardin Family Court denying her motion to set aside a prior custody order. We agree with the family court that the motion was not brought within a reasonable time and was therefore procedurally barred as untimely. Hence, we affirm.
Kali and Jessica Carroll (Jessica) were married in Cook County, Illinois, on March 20, 2014. At the time of the marriage, Kali was already pregnant with S.J.C. The child was born on August 30, 2014. On October 24, 2014, Jessica filed a petition for joint custody, alongside Kali, in Hardin Family Court.
The petition stated that the biological father was unknown, and both parties *417 swore to that fact in separate depositions. A warning order attorney was appointed to attempt service on the unknown and unidentified father. In her response, Kali stated that she was waiving her rights to seek separate representation by counsel, as well as her superior right to sole custody of S.J.C. On March 10, 2015, the family court entered an order granting joint custody of S.J.C. to Kali and Jessica.
Subsequently, the parties' relationship deteriorated. On July 10, 2017, Jessica filed a petition for dissolution of the marriage in the Grayson Circuit Court. The parties agreed to all aspects of the dissolution except for child custody, parenting time, and child support. On December 14, 2017, the Grayson Circuit Court entered a limited Decree of Dissolution which reserved those issues for later adjudication. On February 6, 2018, Jessica made a motion for a final hearing as to those remaining issues.
Two days later, in Hardin Family Court, Kali filed a motion pursuant to CR[1] 60.02(d) to set aside the order of March 10, 2015, granting joint custody. Kali's motion and affidavit alleged that both parties lied in the petition and their depositions that the identity of the father was unknown. Contrary to her prior assertions, Kali alleged that she did not knowingly and voluntarily waive her right to separate counsel. The Hardin Family Court denied Kali's motion as untimely, and this appeal followed.
The sole issue on appeal is whether Kali's CR 60.02 motion is procedurally barred as untimely. We review the family court's denial of a CR 60.02 motion for abuse of discretion. Foley v. Commonwealth , 425 S.W.3d 880, 886 (Ky. 2014). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." Goodyear Tire & Rubber Co. v. Thompson , 11 S.W.3d 575, 581 (Ky. 2000) (citation omitted). We will affirm the lower court's decision on appeal unless there is found a "flagrant miscarriage of justice[.]" Gross v. Commonwealth , 648 S.W.2d 853, 858 (Ky. 1983).
CR 60.02 provides, in relevant part:
On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: ... (c) perjury or falsified evidence; [or] (d) fraud affecting the proceedings, other than perjury or falsified evidence ... [.] The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken.
CR 60.02 is designed to provide relief where the reasons for the relief are of an extraordinary nature. Ray v. Commonwealth , 633 S.W.2d 71, 73 (Ky. App. 1982). In addition, the person seeking relief must do so within a reasonable time. Id. Moreover, because the law favors the finality of judgments, the rule "requires a very substantial showing to merit relief under its provisions." Ringo v. Commonwealth , 455 S.W.2d 49, 50 (Ky. 1970). Therefore, relief may be granted under CR 60.02 only where a clear showing of extraordinary and compelling equities is made. Webb v. Compton , 98 S.W.3d 513, 517 (Ky. App. 2002). See also Gross , 648 S.W.2d at 856.
In the current case, Kali asserts that the 2015 custody order was obtained through perjury or falsified evidence. However, CR 60.02(c) requires that any claim based upon this ground must be brought within one year from entry of the *418 judgment or order. Thus, the motion is clearly untimely under this section.
Instead, Kali brought her motion under CR 60.02(d), relating to "fraud affecting the proceedings, other than perjury or falsified evidence." Claims under this section are not subject to the one-year limitation, but still must be brought "within a reasonable time." However, the rule expressly distinguishes between the presentation of perjury or falsified evidence, which is clearly a fraud upon the court, and fraud occurring outside the courtroom that interferes with presentation of the losing party's evidence to the extent that he or she is "prevented from appearing or presenting fully and fairly his side of the case." Terwilliger v. Terwilliger , 64 S.W.3d 816, 819 (Ky. 2002) (quoting 7 Kurt A. Philipps, Jr., Kentucky Practice , CR 60.02, cmt. 6 (5th ed.1995) ). Although Terwilliger abolished the distinction between intrinsic and extrinsic fraud, it did not abolish the distinction between perjury and falsified evidence in the courtroom and "fraud affecting the proceedings, other than perjury or falsified evidence ." Id. (emphasis added); CR 60.02(d).
Nevertheless, Kali contends that the allegations are sufficient to support relief under CR 60.02(d) based upon the discussion in Mullins v. Picklesimer , 317 S.W.3d 569 (Ky. 2010). In Mullins , as in the current case, a member of a same-sex couple sought to set aside an agreed custody order alleging that it was based upon false representations that the non-parent was a de facto custodian. Our Supreme Court stated that the allegations were sufficient to support relief under either CR 60.02(c) or (d). Id. at 577. Kali argues that her similar allegations would justify relief under CR 60.02(d) in this case.
However, the CR 60.02 motion in Mullins was brought less than one year after the agreed custody order was entered. Id. at 572-73. Thus, there was no question that the motion was timely under CR 60.02(c), and no need to address whether it was brought within a reasonable time under CR 60.02(d). Consequently, the Court in Mullins did not address the distinct grounds for relief under CR 60.02(c) and (d). The Court's broad suggestion that relief under CR 60.02(d) was appropriate was not necessary to the decision and, in the absence of further explanation, appears to conflict with its prior holding in Terwilliger . Under the circumstances, we conclude that the language addressing the applicability of CR 60.02(d) was dicta and is not controlling under the circumstances present in the current case.
Furthermore, even if CR 60.02(d) is applicable, the motion still must be brought within "a reasonable time." In making this determination, a court may consider whether the facts supporting the motion "were unknown and could not have been known to the party by the exercise of reasonable diligence and in time to have been otherwise presented to the court[.]" Gross , 648 S.W.2d at 856. Unlike in Cain v. Cain , 777 S.W.2d 238 (Ky. App. 1989), Kali admits that she was aware of the identity of the father when she made the statements in her pleadings and deposition. In addition, Kali does not allege that she was unable to raise these facts at the time the custody order was entered or within a reasonable time thereafter. Thus, she cannot show that her three-year delay in bringing the motion was reasonable. Therefore, we conclude that the family court did not abuse its discretion in finding that Kali's motion was untimely.
Finally, Kali argues that the custody order should be set aside because the family court failed to appoint a guardian ad litem (GAL) for S.J.C. during the custody proceeding. However, Kali did not raise this issue at any point before the *419 family court. Furthermore, while a GAL must be appointed for a child in termination proceedings, KRS[2] 625.041, appointment of a GAL in custody matters is generally permissive. See Morgan v. Getter , 441 S.W.3d 94, 106 (Ky. 2014), citing FCRPP[3] 6(2). Given Kali's failure to raise this matter in support of her CR 60.02 motion before the family court, we decline to address the issue further. Consequently, any matters relating to custody must be addressed in the Grayson Circuit action based upon Kali's prior waiver of her superior right to sole custody.
Accordingly, we affirm the order of the Hardin Family Court denying Kali's CR 60.02 motion.
TAYLOR, JUDGE, CONCURS.
DIXON, JUDGE, DISSENTS WITHOUT SEPARATE OPINION.

Kentucky Rules of Civil Procedure.

Kentucky Revised Statutes.

Family Court Rules of Practice and Procedure.