RENDERED:  JANUARY 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0513-MR

SHALONDA E. MEAUX                                          APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
ACTION NO. 15-CI-001080

JEWISH HOSPITAL & ST. MARY'S
HEALTHCARE, INC.                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, GOODWINE, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Shalonda E. Meaux appeals from the Jefferson Circuit

Court's order denying her motion pursuant to Kentucky Rule of Civil Procedure

(CR) 60.02.  In that motion, Meaux had asked the circuit court to revisit its

previous order dismissing, with prejudice for failure to prosecute, Meaux's claims

against Jewish Hospital & St. Mary's Healthcare, Inc. (the hospital). CR 41.02. We affirm.

Meaux had been scheduled for a procedure at the hospital on March 18, 2014. On that date, she was prepped for the procedure, rolled into the operating room, and transferred from a gurney to an operating table. The next thing she recalled was, in the recovery room, being informed that the procedure did not take place as planned. According to Meaux's complaint, filed on March 4, 2015, she was instead informed by her physician, Dr. Thomas Becherer, that the operating table had collapsed, causing Meaux to fall to the ground and suffer a head injury.

The procedural history was described in detail in the circuit court's February 6, 2018, order dismissing, and we repeat it here:

> This case has a lengthy procedural history. The complaint was filed in March 2015 by counsel. An answer was filed, and at the same time the Defendant [hospital] attached the first set of interrogatories and requests for production. The court file reveals no further activity until November 2015, at which time [Meaux's] counsel withdrew. In December 2015, new counsel for [Meaux] entered his appearance. On June 28, 2016, [Meaux's] counsel filed a motion to set pretrial conference and trial dates. This motion appears to have been prompted by an unsuccessful mediation, as reflected in the mediator's report to the Court filed June 29, 2016. Pretrial and trial dates were obtained, with the trial scheduled for March 7, 2017.

In October 2016, [Meaux's]counsel withdrew. [Meaux] was granted forty-five days from the date of the order to obtain new counsel; otherwise, the case would be dismissed without prejudice. On December 7, 2016, the Court granted the [Meaux] an extension of time until February 1, 2017 to obtain counsel. On January 30, 2017, at the Court's motion hour, counsel appeared for the [Meaux] for the limited purpose of moving for an additional extension of time to secure new counsel. The Court, by order of January 31, 2017, and over the objection of the Defendant, granted [Meaux] an extension of time until March 7, 2017 (the original trial date), and converted that date to a pretrial conference.

On March 7, 2017, [Meaux] was present, along with Mr. Erwin Sherman, as special counsel, as he had not yet entered his appearance. The Court set an additional status hearing for May 10, 2017, and ordered the following: 1) that [Meaux] retain counsel or make the decision to represent herself; 2) that counsel, if retained, or [Meaux] consult with a trustee in bankruptcy to determine whether the claim shall be pursued; and 3) if no determination had yet been made as to pursuit of the claim, that [Meaux] "otherwise demonstrate her willingness to participate in advancing this case by entering into meaningful negotiations or taking steps to substantially advance this case through the discovery process."

The May 10 hearing was reassigned to May 30, 2017. The [Meaux] appeared at the status hearing, along with Mr. Sherman, who confirmed that he was representing [Meaux]. Counsel had not confirmed that the claim would not be part of [Meaux's] bankruptcy estate, as he had not spoken to the trustee. By order of May 30, the Court ordered that [Meaux], personally or through her bankruptcy counsel, contact the bankruptcy trustee and attempt to confirm, within fourteen days, whether or not her claims fell within an exception.

On September 29, 2017, counsel for the Defendant sent notice of a motion for a trial date and scheduling order. On October 5, 2017, counsel for [Meaux] sent notice of a motion to withdraw. Both motions were noticed to the Court's motion hour of October 9. The Court, by Order of October 25, granted [Meaux's] counsel's motion to withdraw, giving Plaintiff thirty days to either hire counsel or file written notice of her decision to proceed *pro se*. The Court additionally ordered that defense counsel be provided dates for the [Meaux's] deposition within forty-five days. Neither of those actions occurred.

No attorney has entered an appearance for [Meaux]. [Meaux] has not filed written notice that she intends to represent herself. No steps have been taken to advance this case since at least March 2017, which was merely the last entry of appearance by counsel on behalf of [Meaux]. [Meaux] appeared at the December 4, 2017 motion hour to object to the motion to dismiss, but she was without counsel, and did not indicate that she was intending to represent herself or take further action.

Following the December 4 appearance, [Meaux] submitted a letter to the Court which does not appear to have been noticed to the Defendant. In the letter, she outlines reasons why she did not respond within the time allotted by the Court's Order of October 25, including a February 2017 injury necessitating upcoming surgery, workman's compensation proceedings, family deaths and caretaking responsibilities. Had this most recent time period been the only one in which [Meaux] had failed to abide by court orders, the Court would certainly take those issues into consideration. However, this case had been pending nearly two full years, without any meaningful advancement of the case, before these latest setbacks occurred.

The circuit court, after finding that there was "near total inactivity" by Meaux during the case's history, dismissed the claims "in their entirety with prejudice, with each party to bear its own costs." The order dismissing was entered on February 6, 2018. No appeal was taken from this order.

On February 5, 2019, Meaux, through counsel, filed a motion pursuant to CR 60.02 to "Re-Docket the Case." A hearing was held on February 11, 2019. Meaux appeared and testified. The circuit court allowed the hospital time to file a response, after which it took the matter under submission. The circuit court entered its order denying Meaux's motion on February 27, 2019. Meaux filed her notice of appeal on March 28, 2019.

Meaux first argues that the circuit court erred in failing to consider all relevant factors prior to entering its order of dismissal. CR 41.02. We begin by stating our standard of review. CR 41.02(1) states, in its entirety: "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him." Furthermore:

> "Dismissals for lack of prosecution pursuant to CR 41.02 and CR 77.02 are reviewed under an abuse of discretion standard." *Toler v. Rapid American*, 190 S.W.3d 348, 351 (Ky. App. 2006). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Sexton v. Sexton*, 125 S.W.3d 258, 272 (Ky. 2004) (quoting *Commonwealth v. English*, 993

> S.W.2d 941, 945 (Ky. 1999)). This Court has held that the involuntary dismissal of a case with prejudice "should be resorted to only in the most extreme cases," and a reviewing court must "carefully scrutinize the trial court's exercise of discretion in doing so." *Polk v. Wimsatt*, 689 S.W.2d 363, 364-65 (Ky. App. 1985).

*Wildcat Property Management, LLC v. Reuss*, 302 S.W.3d 89, 93 (Ky. App. 2009). "Trial courts must make explicit findings on the record so that the parties and appellate courts will be properly apprised of the basis for the trial court's rulings; and the appellate courts can assess whether the trial court properly considered the totality of the circumstances in dismissing the case." *Jaroszewski v. Flege*, 297 S.W.3d 24, 36 (Ky. 2009). "Explicit consideration of each individual factor listed in *Ward* [*v. Houseman*, 809 S.W.2d 717, 719 (Ky. App. 1991),] is not required[.]" *Id.*

Here, the circuit court made explicit findings about Meaux's inactivity and failure to advance her cause for the length of the time her case was pending. The circuit court, over the objection of the hospital, granted Meaux's requests for additional time to obtain counsel and comply with discovery orders. Numerous hearings were held, with promises made by Meaux each time that she would complete the tasks imposed by the circuit court. Yet no significant progress occurred during the three years from complaint to dismissal.

> In sum, given all the relevant factors in this case, we discern no abuse of discretion in the trial court's granting the [defendant's motion] to dismiss for lack of

> prosecution. Given the multiple instances of delay and lack of evidence of [Meaux] actively seeking to resolve [her] case, we cannot conclude that the trial court abused its discretion in granting the motion to dismiss for lack of prosecution.

*Jaroszewski*, 297 S.W.3d at 41.

We next address the propriety of the circuit court's denial of Meaux's motion pursuant to CR 60.02.

> CR 60.02 is designed to provide relief where the reasons for the relief are of an extraordinary nature. *Ray v. Commonwealth*, 633 S.W.2d 71, 73 (Ky. App. 1982). In addition, the person seeking relief must do so within a reasonable time. *Id.* Moreover, because the law favors the finality of judgments, the rule "requires a very substantial showing to merit relief under its provisions." *Ringo v. Commonwealth*, 455 S.W.2d 49, 50 (Ky. 1970). Therefore, **relief may be granted under CR 60.02 only where a clear showing of extraordinary and compelling equities is made**. *Webb v. Compton*, 98 S.W.3d 513, 517 (Ky. App. 2002). *See also Gross*[*v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983)].

*Carroll v. Carroll*, 569 S.W.3d 415, 417 (Ky. App. 2019) (emphasis added). We have examined the record in its entirety, including the hearing held on this motion, and we cannot conclude that Meaux carried her burden for warranting this extraordinary relief. *Id.* Accordingly, we affirm the circuit court's denial of Meaux's CR 60.02 motion.

The order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jack W. Flynn
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Clay M. Stevens
Kristen H. Fowler
Brittany B. McKenna
Louisville, Kentucky