RENDERED:  AUGUST 27, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1548-MR

DONALD MORGAN[1]                                                            APPELLANT

|  | APPEAL FROM ALLEN CIRCUIT COURT |
|---|---|
| v. | HONORABLE JANET J. CROCKER, JUDGE |
|  | ACTION NO. 15-CI-00353 |

ALLEN COUNTY, KENTUCKY;
BARBARA GREEN; AND
DAMON GREEN                                                                 APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND MAZE, JUDGES.

MAZE, JUDGE:  Donald Morgan (collectively with Marsha Morgan, "the

Morgans") appeals from an order of the Allen Circuit Court denying the Morgans'

---

[1] Donald Morgan signed the notice of appeal herein *pro se*.  Although the notice of appeal purports to have been filed on behalf of Marsha Morgan as well, Marsha Morgan did not sign the notice of appeal.  Therefore, Donald Morgan is the only Appellant properly before the Court.

motion to set aside a declaratory judgment pursuant to CR[2] 60.02. Appellant asserts he was entitled to an evidentiary hearing on allegations of misconduct by the opposing party and the trial judge. We agree with the trial court that the motion failed to state any substantial grounds for relief. Hence, we affirm.

The complete factual and procedural history of this matter is set forth in the prior appeal. For purposes of this appeal, the following facts are relevant. The Morgans brought a declaratory judgment action against Allen County and their adjoining property owners, Damon and Barbara Green, seeking a judicial decree that all of Green Lane was either a public or county road. Following a bench trial, the trial court found that only the first 0.1 mile of Green Lane had been adopted as a county road. The court further granted the Morgans a private right to use the entirety of Green Lane to access their property, but the road shall remain closed to the general public. On appeal, this Court affirmed the trial court's judgment, *Morgan v. Allen Cty., Kentucky*, No. 2018-CA-000888-MR, 2019 WL 4389028 (Ky. App. Sept. 13, 2019), and the Kentucky Supreme Court denied discretionary review.

On November 16, 2020, the Morgans filed a motion to alter, amend, or vacate the judgment pursuant to CR 60.02(d) and (f). They alleged that Allen

---

[2] Kentucky Rules of Civil Procedure.

County had destroyed original recordings of relevant Fiscal Court meetings and that the trial judge had a "close, longstanding relationship" with officials in Allen County. The trial court denied the motion without conducting an evidentiary hearing. This appeal followed.

In relevant part, CR 60.02 permits a trial court to relieve a party from a final judgment or order based upon several grounds, including "(d) fraud affecting the proceedings, other than perjury or falsified evidence" and "(f) any other reason of an extraordinary nature justifying relief."

> CR 60.02 is designed to provide relief where the reasons for the relief are of an extraordinary nature. *Ray v. Commonwealth*, 633 S.W.2d 71, 73 (Ky. App. 1982). In addition, the person seeking relief must do so within a reasonable time. *Id.* Moreover, because the law favors the finality of judgments, the rule "requires a very substantial showing to merit relief under its provisions." *Ringo v. Commonwealth*, 455 S.W.2d 49, 50 (Ky. 1970). Therefore, relief may be granted under CR 60.02 only where a clear showing of extraordinary and compelling equities is made. *Webb v. Compton*, 98 S.W.3d 513, 517 (Ky. App. 2002). *See also* [*Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983)].

*Carroll v. Carroll*, 569 S.W.3d 415, 417 (Ky. App. 2019).

A hearing is required only if the movant "affirmatively alleges facts which, if true, justify vacating the judgment and further allege[s] special circumstances that justify CR 60.02 relief." *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). After reviewing the record and the Morgans' motion, we

-3-

agree with the trial court that they failed to identify any substantial ground for relief.

Appellant first alleges that Allen County destroyed cassette tapes of Fiscal Court meetings which would have been relevant to their claims that Green Lane had been adopted as a county road. He states that the Morgans first discovered the destruction of the tapes after receiving the County's response to their Open Records Request. Appellant contends that the Fiscal Court's destruction of the original tapes and its failure to provide the tapes in response to their discovery requests amounted to spoliation of evidence and a fraud upon the court.

But even assuming that the Fiscal Court improperly withheld the original tapes, Appellant failed to establish that the outcome of the case was affected by that error. At most, the omitted recordings suggested that Allen County had previously provided maintenance for up to 0.4 mile of Green Lane. But those same minutes reflect that the Fiscal Court considered formal adoption of that portion of Green Lane in 1992, but no formal action was ever taken to do so.

As discussed in this Court's prior opinion, it is undisputed that the Fiscal Court never passed any resolutions explicitly accepting all of Green Lane into its county road system. The mere provision of maintenance on a road without formal adoption is insufficient to make Green Lane a county road. *Cary v. Pulaski*

*Cty. Fiscal Ct.*, 420 S.W.3d 500, 508 (Ky. App. 2013) (citing *Illinois Cent. R. Co. v. Hopkins County*, 369 S.W.2d 116 (Ky. 1963)). Under the circumstances, we find no basis to conclude that the result would have been different if the recordings had been disclosed.

Appellant also contends that the trial judge had an undisclosed relationship with members of the Allen County Fiscal Court. He points to statements made by the trial judge expressing appreciation for funding the construction of the Allen County Judicial Center. Appellant asserts that relationship suggests that the trial judge is "beholden" to the Fiscal Court and affected her ability to impartially decide the case.

We find no basis for questioning the impartiality of the trial judge. The asserted belief that a judge will not afford a fair and impartial trial must be based upon substantial facts as set forth in a supporting affidavit. *See Abbott, Inc. v. Guirguis*, No. 2018-SC-0577-DG, 2021 WL 728860, at *4 (Ky. Feb. 18, 2021), *reh'g denied* (Jun. 17, 2021). The Morgans failed to submit an affidavit detailing their claims of bias against the trial judge.

Moreover, the inquiry for determining bias is an objective one, made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances. *Id*. at *5. Here, Appellant fails to allege that the trial judge had an undisclosed relationship with the Fiscal Court outside of the

scope of her duties as a circuit judge. KRS 26A.100(2) requires every county to furnish facilities for the operation of the courts. Such facilities are leased to the state by the county or applicable local government. KRS 26A.100(3)-(4). The relationship between the courts and county governments is established by law and a matter of public record. The trial judge's mere recognition of this relationship in no way implies any bias or favoritism toward the county government. For this reason, Appellant's claims of bias are not well taken.

Accordingly, we affirm the order of the Allen Circuit Court denying the Morgans' CR 60.02 motion.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Donald Morgan, *pro se*
Scottsville, Kentucky

BRIEF FOR APPELLEE:
ALLEN COUNTY, KENTUCKY:

Hallye M. Arterburn
Scottsville, Kentucky