RENDERED: DECEMBER 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0862-MR

JOHNNY COWHERD                                          APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.          HONORABLE LUCY ANNE VANMETER, JUDGE
ACTION NO. 93-CR-00395

COMMONWEALTH OF KENTUCKY                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Johnny Cowherd, *pro se*, appeals from an order of the

Fayette Circuit Court which denied his Kentucky Rules of Civil Procedure (CR)

60.02 motion. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

In 1993, Appellant was convicted on two counts of first-degree rape,[1] four counts of first-degree sodomy,[2] and one count of first-degree criminal trespass.[3] Appellant was sentenced to 104 years in prison.

Over the years, Appellant has filed numerous CR 60.02 motions. In 2020, Appellant filed his sixth, the one on appeal. In that motion, Appellant argued that, pursuant to CR 60.02(e) and (f), the trial court should void an illegal sentence. Specifically, he claims that he was wrongly convicted of two counts of first-degree sodomy. Those counts stated that he committed first-degree sodomy by forcibly putting his testicles in his victim's mouth. Appellant argued that this did not amount to first-degree sodomy, only first-degree sexual abuse.[4] The trial court held that this motion was untimely because it was raised almost twenty-seven years after his conviction and after he had brought five other CR 60.02 motions. This appeal followed.

---

[1] Kentucky Revised Statutes (KRS) 510.040.

[2] KRS 510.070.

[3] KRS 511.060.

[4] KRS 510.110.

# ANALYSIS

CR 60.02 states:

On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

As previously stated, Appellant brought his current CR 60.02 motion pursuant to CR 60.02 (e) and (f). Both of those sections require that a motion be brought within a reasonable time.

Our standard of review of a trial court's denial of a CR 60.02 motion is whether the trial court abused its discretion. The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."

. . .

The decision as to whether to grant or to deny a motion filed pursuant to the provisions of CR 60.02 lies within

-3-

the sound discretion of the trial court. The rule provides that a court may grant relief from its final judgment or order upon various grounds. Moreover, the law favors the finality of judgments. Therefore, relief may be granted under CR 60.02 only with extreme caution and only under the most unusual and compelling circumstances.

*Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011) (citations omitted).

We agree that Appellant's motion was untimely. *See Ray v. Commonwealth*, 633 S.W.2d 71, 73 (Ky. App. 1982), where this Court held that a twelve-year delay in seeking CR 60.02 relief was untimely. Here, Appellant waited almost twenty-seven years to raise this issue. It could have been raised in one of his previous post-conviction motions.

We also believe that Appellant's argument on appeal fails on the merits. Appellant was convicted of two counts of first-degree sodomy for forcibly putting his testicles in his victim's mouth. Appellant claims that because his penis did not go into her mouth, he should not have been convicted of sodomy. We disagree.

KRS 510.070(1)(a) states that, "A person is guilty of sodomy in the first degree when . . . [h]e engages in deviate sexual intercourse with another person by forcible compulsion[.]" As set forth in KRS 510.010(1), "'[d]eviate sexual intercourse' means any act of sexual gratification involving the sex organs of one person and the mouth or anus of another[.]"

-4-

*Galloway v. Commonwealth*, 424 S.W.3d 921, 924 (Ky. 2014). Testicles are part of the male sex organs. By putting his testicles in the victim's mouth, he was engaged in deviate sexual intercourse. Deviate sexual intercourse by force is the definition of first-degree sodomy; therefore, Appellant was properly convicted of first-degree sodomy.

## **CONCLUSION**

Based on the foregoing, we affirm the trial court's denial of Appellant's CR 60.02 motion. The motion was not brought within a reasonable time and Appellant's criminal actions fit the definition of first-degree sodomy.

ALL CONCUR.

BRIEF FOR APPELLANT:

Johnny Cowherd, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky