RENDERED:  DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0155-MR

DEANNA LYNN LAYNE (NOW PINCHIN)　　　　　　　APPELLANT

v.
APPEAL FROM BOYD CIRCUIT COURT
HONORABLE GEORGE W. DAVIS, III, JUDGE
ACTION NO. 03-CI-00379

FREDERICK ALLEN LAYNE　　　　　　　　　　　　APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND MAZE, JUDGES.

MAZE, JUDGE:  Deanna Lynn Layne (now Pinchin) (Deanna) appeals from an

order of the Boyd Circuit Court which denied her motion for relief from prior

child-support orders pursuant to CR[1] 60.02(f) and awarded attorney fees to

---

[1] Kentucky Rules of Civil Procedure.

Frederick Allen Layne (Frederick). On the CR 60.02 motion, the trial court did not abuse its discretion in finding that Deanna failed to bring the motion within a reasonable time. On the issue of attorney fees, Deanna did not request additional factual findings concerning the respective financial positions of the parties. Consequently, we cannot find that the trial court's award of attorney fees amounted to an abuse of its discretion. Hence, we affirm.

The relevant facts of this action are as follows. This action began in 2003 as a petition for dissolution of the parties' marriage. There were three children born of the marriage. The parties initially agreed to split physical custody of the children, with no support to be paid by either party. When that arrangement proved to be unworkable, the trial court entered an agreed order on May 13, 2010, which granted joint custody of the children and designated Frederick as the primary residential custodian. That same order directed Deanna to pay child support beginning May 1, 2010. A subsequent order calculated interim support and set prospective support in the amount of $1,008.50 per month, with the latter amount to take effect on January 1, 2011. The order stated that it took effect on January 1, 2011.

In 2016, Deanna filed a motion to modify child support, stating that the oldest child had reached the age of majority and she was no longer working. Frederick filed a motion claiming that Deanna owed an arrearage in support. On

July 8, 2016, the trial court entered an agreed order addressing these issues. In pertinent part, the Order: (1) granted a judgment for past-due child support in the amount of $8,562.52, medical expenses of $6,692.44, and insurance expenses of $3,817.16; (2) directed that the parties provide income verification to the Division of Child Support Enforcement, which shall re-calculate child support "if necessary"; (3) directed that, until such calculation was provided, child support for the remaining two children be calculated based on a $40,000.00 annual income to Deanna and a $55,000.00 annual income to Frederick; and (4) directed that the Division submit its calculation of interim support for entry of an order within fifteen days from July 8, 2016, with the calculation to be effective as of May 2016.

The parties agree that no calculation or interim order was submitted to the trial court. Deanna filed her income verification with the Division of Child Support Enforcement in August 2016, but no further action was taken. In May 2017, Frederick filed a motion to hold Deanna in contempt for failure to pay past-due support, and medical and insurance expenses. On June 19, 2017, the trial court entered an order scheduling a hearing on the motion for July 14, 2017. While Deanna's counsel appeared at the hearing, Deanna was not present.

Thereafter, on July 20, 2017, the trial court entered an order finding Deanna in contempt. The court found that Deanna owed arrearages of $20,516.52 for child support, $6,692.44 for medical reimbursements, and $3,817.16 for dental

reimbursement. Based on previous orders, the trial court also directed Deanna to pay additional amounts of $2,137.13 and $2,055.37. Finally, the trial court stated that it would direct Deanna to pay attorney fees to Frederick in an amount to be determined.

On January 10, 2019, Deanna filed a CR 60.02 motion seeking relief from the July 20, 2017, order. In that motion, she alleged that she had overpaid child support because the July 8, 2016, order directed that her support obligation be reduced. She also stated that she had complied with that order by submitting her income verification to the Division of Child Support Enforcement. Deanna further alleged that she failed to receive timely notice of the July 14, 2017, hearing. Lastly, Deanna requested that child support be modified because another child had reached the age of majority.

The trial court directed that discovery be taken on the motion and that it be referred to a Domestic Relations Commissioner (DRC) for a hearing. At a hearing on December 9, 2019, the matter was submitted to the DRC based on the parties' depositions and evidence of record. Thereafter, on October 30, 2020, the DRC issued her report and recommendations. The DRC recommended that Deanna's CR 60.02 motion be denied as untimely. The DRC found that Deanna had actual notice of the July 14, 2017, hearing but failed to attend. The DRC also concluded that Deanna did not file a timely motion to recalculate support based on

the July 8, 2016, order. Given the unreasonable delay, the DRC recommended that the trial court enter a combined judgment against Deanna for arrearages and interest of $45,986.34, plus an award of attorney's fees in the amount of $6,500.00. The DRC's report did not address her pending request to reduce child support.

Deanna filed objections to the DRC's report and requested a full hearing before the trial court. On January 12, 2021, the trial court overruled the objections and confirmed the DRC's report. Deanna now appeals. Additional facts will be set forth below as necessary.

Deanna argues that she was entitled to relief under CR 60.02(f) – which authorizes relief from a final judgment for "any other reason of an extraordinary nature justifying relief."

> CR 60.02 is designed to provide relief where the reasons for the relief are of an extraordinary nature. *Ray v. Commonwealth*, 633 S.W.2d 71, 73 (Ky. App. 1982). In addition, the person seeking relief must do so within a reasonable time. *Id.* Moreover, because the law favors the finality of judgments, the rule "requires a very substantial showing to merit relief under its provisions." *Ringo v. Commonwealth*, 455 S.W.2d 49, 50 (Ky. 1970). Therefore, relief may be granted under CR 60.02 only where a clear showing of extraordinary and compelling equities is made. *Webb v. Compton*, 98 S.W.3d 513, 517 (Ky. App. 2002). See also [*Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983)].

*Carroll v. Carroll*, 569 S.W.3d 415, 417 (Ky. App. 2019).

On appeal, the trial court's denial of a CR 60.02 motion will not be overturned absent an abuse of discretion. *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011). We will not disturb the trial court's exercise of discretion absent a determination that it was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Furthermore, a trial court's decision as to "[w]hat constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court." *Gross*, 648 S.W.2d at 858.

Deanna again notes that in its July 8, 2016, order, the trial court directed her child support be recalculated based on the parties' stated incomes as of May 2016. But since no such order was entered confirming that modification, she continued to be assessed the prior amount of support. The calculation of her arrearages was based on that higher amount as well. Deanna contends that the failure to comply with the July 8, 2016, order constitutes an extraordinary ground warranting relief.

But as discussed above, the trial court's July 8, 2016, order directed the Division of Child Support Enforcement to calculate the interim support, and for the Division to submit its calculations to the parties "so that a subsequent Order on the amount of child support may be entered which should be done no later than fifteen (15) days from and after the entry date of this Order." On its face, the trial

-6-

court's July 8, 2016, order did not automatically modify child support, but required additional calculations and entry of a new support order.

It is not clear from the record why no new support order was submitted to the trial court in compliance with the July 8, 2016, order. Neither Deanna nor Frederick filed a timely motion to obtain the new calculations from the Division or to seek entry of a new support order. And as the party moving for the modification, Deanna would seem to have an interest, if not an obligation, to ensure entry of such an order. But Deanna did not even raise this issue in response to Frederick's motion for contempt nearly a year later. In addition, the DRC found that Deanna had actual notice of the July 14, 2017, hearing but failed to attend. Although Deanna takes issue with this finding, she does not show that it was clearly erroneous.

In fact, Deanna waited another eighteen months until she raised this issue in her CR 60.02(f) motion. To determine whether the motion was brought within a "reasonable time," a court may consider whether the facts supporting the motion "were unknown and could not have been known to the party by the exercise of reasonable diligence and in time to have been otherwise presented to the court[.]" *Gross*, 648 S.W.2d at 856. As both the DRC and the trial court noted, Deanna was aware of the nature of the July 8, 2016, order, the July 14, 2017, hearing date, and the July 20, 2017, order. However, she does not allege

that, in the exercise of reasonable diligence, she could not have raised these issues to the trial court in a timely matter. Under these circumstances, the trial court did not abuse its discretion in finding that Deanna's CR 60.02 motion was untimely.

Lastly, Deanna argues that the trial court failed to consider the financial resources of both parties in determining the applicable award of attorney fees to Frederick. KRS[2] 403.220 authorizes a court to award a "reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees[.]" In *Smith v. McGill*, 556 S.W.3d 552 (Ky. 2018), the Kentucky Supreme Court emphasized that the statute does not require that a financial disparity must exist in order for the trial court to do so. *Id.* at 556. The Court went on to hold:

> While financial disparity is no longer a threshold requirement which must be met in order for a trial court to award attorney's fees, we note that the financial disparity is still a viable factor for trial courts to consider in following the statute and looking at the parties' total financial picture.

*Id.*

Deanna contends that the DRC and the trial court failed to set forth any factors justifying the decision to award $6,500.00 in attorney fees to Frederick. In response, Frederick notes that Deanna did not file a CR 59.05 motion objecting to

---

[2] Kentucky Revised Statutes.

the lack of specific findings or a CR 52.02 motion requesting additional factual findings on this issue. In her objections to the DRC's report, Deanna stated that the DRC had not heard any evidence about the parties' financial states, but she did object to the lack of specific findings on the award of attorney fees. Since the lack of specific findings was not raised to the trial court, we cannot conclude that the award of attorney fees amounted to an abuse of the trial court's discretion. CR 52.04.

Accordingly, we affirm the order of the Boyd Circuit Court denying the motion for relief under CR 60.02(f) and assessing attorney fees against Deanna.

ALL CONCUR.

BRIEF FOR APPELLANT:

Tracy D. Frye
Marie E. Troxler
Russell, Kentucky

BRIEF FOR APPELLEE:

W. Jeffrey Scott
Grayson, Kentucky