RENDERED: JULY 3, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0608-MR

JAMES R. NORVELL                                                              APPELLANT

APPEAL FROM CARLISLE CIRCUIT COURT
v.        HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 12-CR-00008

COMMONWEALTH OF KENTUCKY                                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND MOYNAHAN, JUDGES.

THOMPSON, CHIEF JUDGE: James R. Norvell ("Appellant"), *pro se*, appeals from an order of the Carlisle Circuit Court denying his Kentucky Rules of Civil Procedure ("CR") 60.02 motion to vacate his sentence. Appellant argues that he was entitled to have his sentence vacated because he was not informed of the charges against him. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On March 15, 2012, the Carlisle County grand jury indicted Appellant on four counts of rape in the first degree and four counts of incest.[1] The victim was Appellant's daughter. On May 4, 2012, Appellant accepted the Commonwealth's plea offer and entered a guilty plea to three counts of incest. The following month, Appellant was sentenced to serve five years in prison on each count, to be served consecutively for a total sentence of 15 years in prison.

On December 10, 2012, Appellant filed a CR 60.02 motion to vacate his sentence. That motion was denied on February 4, 2013. In support of the order, the circuit court found that Appellant had repeatedly admitted guilt to the charges in open court. On July 30, 2014, Appellant filed another CR 60.02 motion, which was also denied.

On June 19, 2015, Appellant filed a Kentucky Rules of Criminal Procedure ("RCr") 11.42 motion alleging that he was entitled to relief from judgment because he did not receive the effective assistance of counsel to which he was entitled. After the Commonwealth responded, the circuit court denied the motion by way of an order entered on August 18, 2015. A panel of this Court affirmed the order on July 14, 2017.

---

[1] Kentucky Revised Statutes ("KRS") 510.040 and KRS 530.020.

The following month, Appellant moved to amend his sentence to concurrent terms for a total sentence of five years in prison. The motion was denied on October 3, 2017.

Finally, Appellant filed his fourth and instant CR 60.02 motion on December 19, 2023. In the motion, Appellant asserted that he was not properly informed of the charges against him, which entitled him to have his sentence vacated. After the Commonwealth's response, the Carlisle Circuit Court denied the motion on April 17, 2024. In so doing, the court noted that at the time of Appellant's allocution, the court expressly questioned Appellant if he understood the charges and the plea. Appellant responded affirmatively to those questions. The court also determined that Appellant had offered no justification for seeking this relief some 12 years after the entry of the guilty plea and subsequent judgment and sentence. This appeal followed.

## STANDARD OF REVIEW

CR 60.02 states:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than

perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

"Our standard of review of a trial court's denial of a CR 60.02 motion is whether the trial court abused its discretion. The test for abuse of discretion is whether the trial court's decision was 'arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011) (citations omitted).

The decision as to whether to grant or to deny a motion filed pursuant to the provisions of CR 60.02 lies within the sound discretion of the trial court. The rule provides that a court may grant relief from its final judgment or order upon various grounds. Moreover, the law favors the finality of judgments. Therefore, relief may be granted under CR 60.02 only with extreme caution and only under the most unusual and compelling circumstances.

*Id.* (citations omitted).

## **ARGUMENT AND ANALYSIS**

Appellant argues that the Carlisle Circuit Court committed reversible error in denying his motion for CR 60.02 relief. He argues that the plea agreement

is a contract which should be interpreted using ordinary contract principles. He further maintains that the plea agreement at issue was "illegal" because it prevented him from exercising his due process rights and because it exposed him to double jeopardy. After pointing out that, per the 14th Amendment to the United States Constitution, a criminal defendant is entitled to be informed of the charges against him, Appellant argues that the indictment violated his right to adequate notice of the charged offenses. On this basis, he seeks an opinion reversing the order denying his latest CR 60.02 motion.

In denying Appellant's motion, the Carlisle Circuit Court examined the record and determined that the court made multiple inquiries of Appellant to insure that he understood the charges to which he was pleading guilty. At the time of the plea, the court asked, "[h]ow do you want to plead to these three counts of incest, non-forcible, a Class C felony?" Appellant responded, "Guilty." The court then said, "[t]o all three counts? Three separate occasions? That's right?" Appellant responded, "Yes."

Thereafter, the court asked Appellant if he had sex with his daughter on three separate occasions in Carlisle County. Appellant responded in the affirmative. Further, Appellant memorialized in his plea that, "I had sex with my daughter on three occasions[.]"

The record demonstrates that from the time of indictment through the entry of the plea, Appellant was aware of the charges against him. He understood the plea offer and the effect of his guilty plea. The Carlisle Circuit Court properly so found. In addition, this is the fourth CR 60.02 motion filed by Appellant, in addition to his RCr 11.42 motion. These motions have spanned more than 11 years and are repetitive. Appellant was required to raise this issue, if at all, first on direct appeal, then via RCr 11.42, and finally by way of CR 60.02. *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983). Appellant did not follow this protocol, but instead engaged in a haphazard appellate process which is in direct violation of *Gross.*

What constitutes a reasonable time to file a CR 60.02 motion is dependent on the facts of the case. *Id.* at 858. Appellant has had ample opportunity over the years to raise the instant issue either on direct appeal, or via one of his three prior CR 60.02 motions. The latest of these motions was not filed "within a reasonable time" as required by CR 60.02. *See Stoker v. Commonwealth*, 289 S.W.3d 592 (Ky. App. 2009); *Carroll v. Carroll*, 569 S.W.3d 415 (Ky. App. 2019). And finally, Appellant's arguments that he was denied due process and subjected to double jeopardy are wholly specious and without support.

## CONCLUSION

Appellant has not demonstrated the existence of "the most unusual and compelling circumstances" required to justify the extraordinary relief available under CR 60.02. *Age*, 340 S.W.3d at 94. The Carlisle Circuit Court properly exercised extreme caution in considering CR 60.02 relief as required by *Age*, and its disposition of Appellant's motion is supported by the record and the law. For these reasons, we affirm the order of the Carlisle Circuit Court denying Appellant's motion for CR 60.02 relief.

ALL CONCUR.

BRIEF FOR APPELLANT:

James R. Norvell, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky